**Gary CAPSHAW, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 85-63.

Supreme Court of Wyoming.

Feb. 18, 1986.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, Julie Naylor (argued), Appellate Counsel, and K. Leslie Delk, Asst. Public Defender, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, S. Asst. Atty. Gen., and Sylvia Lee Hackl (argued), S. Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., BROWN, CARDINE and URBIGKIT, JJ., and ROONEY, J., Retired.

CARDINE, Justice.

Appellant Gary Capshaw was convicted of two counts of delivery of a controlled substance in violation of §§ 35–7–1031(a)(ii) and 35–7–1014(d)(x), W.S.1977. On appeal he contends that his conviction should be reversed because of prosecutorial misconduct, improper denial of a continuance, ineffective assistance of counsel, and the denial of his right to a fair trial.

We affirm.

### FACTS

On May 15 and June 3, 1983, undercover narcotics officer Michael Bachert of the Casper Police Department purchased marijuana from appellant. At the time of the transactions, Officer Bachert wore a body microphone which transmitted his conversations to Officer David Anderson who monitored them on the radio in his nearby patrol car. Officer Anderson was unable to record the transmissions because the department's recording receiver had been sent to Florida for repairs. Manual recording from the radio to a tape recorder would not have yielded audible tapes so it was not attempted.

Soon after each drug buy, Officers Bachert and Anderson filed joint police reports which only Officer Bachert signed. The reports summarized the observations of both officers but did not indicate that there had been an electronic surveillance by Officer Anderson. Ultimately the reports were made available to the defendant prior to trial through the prosecutor's open file policy.

In August of 1983, Officer Bachert swore out a criminal complaint, and a warrant for appellant's arrest was issued. Appellant was arrested and released on a $10,000 bond. There was a delay in holding appellant's preliminary hearing because he changed attorneys several times. Appellant's preliminary hearing finally took place on May 1, 1984. At that hearing Officer Bachert's testimony was sufficient to establish probable cause so the State did not call Officer Anderson to testify. Both the prosecutor and defense counsel asked Officer Bachert whether there was surveillance by other officers during the drug buys and Bachert answered that Officers Anderson and Strope had been in surveillance. Neither attorney asked Officer Bachert whether the surveillance was visual or electronic.

On July 25, 1984, several months after the preliminary hearing, appellant filed a detailed discovery motion. The court neither granted nor denied the motion, perhaps because the prosecutor had an open file policy making formal discovery unnecessary.

The day after filing the discovery motion, appellant's lawyer moved to withdraw from the case because appellant failed to keep in touch with her. She was replaced by attorney Linda Miller who entered an appearance and immediately moved for a continuance so that she could adequately prepare for trial. The prosecutor did not oppose the continuance, and it was granted by the court.

On Friday, November 2, 1984, three days before trial, defense counsel visited the prosecutor's office to review the file. She was given complete access to it but did not discover that Officers Anderson and Bachert had employed electronic surveillance during the drug buys because the police reports did not mention that surveillance. Defense counsel's review of a tape recording of the preliminary hearing also failed to alert her to the electronic surveillance because, as we have seen, the matter was not explored at that hearing.

Appellant's jury trial began on Monday, November 5, 1984. During voir dire appellant's attorney learned that the prosecutor

had a copy of the criminal records of several prospective jurors. She moved the court for an order requiring the prosecutor to make those records available to her. The court never ruled on the motion because the prosecutor voluntarily provided copies for the defense.

At opening argument, appellant's attorney learned for the first time that Officer Anderson had listened to her client's conversations with Officer Bachert. She immediately moved to dismiss the charges claiming that the prosecutor had intentionally concealed the fact that electronic surveillance had occurred. The court denied the motion.

Officer Bachert testified at length about the events and conversations surrounding the drug buys. His testimony was corroborated by Officer Anderson who recounted what he heard through the bugging device and what he observed from his patrol car. Appellant's attorney cross-examined both officers extensively about the efficiency of the bug, their failure to make a recording of the conversations, and their failure to mention the bugging at the preliminary hearing or in their police reports.

Officer Anderson's testimony ended shortly before noon on the second day of trial. After the jury had been excused and the judge had returned to his chambers, the prosecutor and defense attorney exchanged harsh words as they left the courtroom. The prosecutor called the defense attorney a "plastic bitch" and, when court reconvened, she moved for dismissal. She argued that the prosecutor's remarks interfered with her ability to defend her client. The court denied the motion, and the trial continued.

The jury found appellant guilty of each count of delivering a controlled substance. Appellant's motion for a new trial was denied, and the court sentenced him to concurrent terms of three to four years on each count in the Wyoming State Penitentiary. All of the legal arguments of appellant—prosecutorial misconduct, improper denial of a continuance, fair trial, and ineffective assistance of counsel—arise out of his claim that the prosecutor failed to comply with discovery.

## DISCOVERY—JUROR INFORMATION

■ Appellant claims that the prosecutor violated the requirements of discovery when he withheld the jurors' arrest records from the defense. Appellant's claim of prosecutorial misconduct relating to discovery is without foundation because an order was never entered providing for discovery. Without such an order, the prosecutor had no general obligation to permit discovery and could not have abused a nonexistent obligation. Rule 18, W.R.Cr.P. does not provide automatic discovery and " '[t]here is no general constitutional right to discovery in a criminal case * * *.' " *Fitzgerald v. State*, Wyo., 601 P.2d 1015, 1021 (1979), citing *Weatherford v. Bursey*, 429 U.S. 545, 559–560, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977).

■ In this case, moreover, there was discovery. If the court had ordered that discovery, we could not find an abuse by the prosecutor. Except for the criminal records of the prospective jurors, appellant had complete access to the prosecutor's files prior to trial. With respect to the records of individual jurors, without deciding whether appellant was entitled to discover them or not, we note that appellant received them in time for use during voir dire. Appellant has not explained how he was prejudiced in the jury selection process because he received the records on Monday, November 5. Without a showing of prejudice, what occurred was harmless and need not be further considered. Rule 49(a), W.R.Cr.P.

## DISCOVERY—SURVEILLANCE

■ Appellant claims that the prosecutor violated the requirements of discovery when he failed to inform the defense concerning Officer Anderson's electronic surveillance.[1] The prosecution's failure to

---

1. Appellant also argues that the prosecution should have told defense counsel in advance

warn appellant that Officer Anderson would testify about bugged conversations would not have been a violation of a discovery order even if one had been issued. Subsections (a) and (b) of Rule 18, W.R. Cr.P., provide for discovery of written or recorded statements, reports, recorded testimony, books, papers, documents, tangible objects, buildings or places. "[N]either constitutional considerations nor the Wyoming Rules of Criminal Procedure require that the prosecution inform the defense in advance of trial of all of the testimony that the prosecution will present." *Fitzgerald v. State*, supra at 1021. The prosecutor opened his file to appellant. Appellant's trial attorney was surprised by the electronic surveillance testimony because the facts of surveillance were not pursued at the preliminary hearing. Defense counsel may have decided against developing the facts of surveillance, not wanting to preserve it for introduction at trial, should Officer Anderson be unavailable to testify. See *Rodriguez v. State*, Wyo., 711 P.2d 410 (1985). There are other reasons for not cross-examining, but this is a matter of judgment and strategy. There was no error in appellant's failure to learn the details of Officer Anderson's surveillance.

## PROSECUTORIAL MISCONDUCT

■ The prosecutor's "plastic bitch" comment cannot support the charge of prosecutorial misconduct by itself. Neither the jury nor the judge were present when that incident occurred, and they could not have been affected. And, if appellant's lawyer was adversely affected by the "plastic bitch" statement, appellant failed to demonstrate in the record or during argument how that adversely affected his trial. A party alleging prosecutorial mis-

conduct has the burden of proving that he was substantially prejudiced by any misconduct that takes place. *Peterson v. State*, Wyo., 586 P.2d 144, 156 (1978). See also *United States v. Young*, —— U.S. —— 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). We find no evidence that the prosecutor's comment had any effect upon the trial but conversely note that his counsel represented him very ably. Having failed to satisfy his burden with respect to this claim, we find no error.

## CONTINUANCE

■ Appellant's claim that the court should have granted a continuance so that the defense could prepare to meet Officer Anderson's testimony is answered by the failure of appellant's discovery argument. While we agree that Rule 18(h), W.R.Cr.P. permits a court, in its discretion, to grant a continuance when the prosecutor violates either a discovery order or a subsection of Rule 18, no such violation occurred in this case.[2] There was no discovery order for the prosecutor to transgress, and appellant has not pointed to any subsection of Rule 18 that was violated by the prosecutor. No prejudice has been shown by appellant, and there is nothing from which we can say that the court abused its discretion in denying a continuance. Appellant here never moved for the continuance. Since we can find no plain error, nor error of any kind with respect to this claim, it cannot be a basis for reversal.

## FAIR TRIAL

■ Appellant contends that he was denied a fair trial because his lawyer was denied discovery materials and because the tape recording of the preliminary hearing

that Officer Bachert would testify that appellant offered to sell drugs other than marijuana. Appellant includes no cogent authority supporting this argument. We, therefore, need not consider it further. *Eaton v. State*, Wyo., 660 P.2d 803, 805 (1983).

**2.** Rule 18(h), W.R.Cr.P. states in part:
"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit discovery or inspection of materials not previously disclosed, grant a continuance or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances."

was so bad that his attorney could not use it. Appellant's discovery contentions are without merit for reasons we have already discussed, and his complaints about the tape recording are also meritless.

First, if appellant had cooperated with the attorney that represented him at the preliminary hearing, she would have represented him at trial and would have been familiar with the evidence adduced at the hearing. She was his third attorney in the case and withdrew because appellant failed to keep in contact with her. Only after she withdrew did it become necessary for appellant's fourth attorney to rely on the preliminary hearing recording.

Second, the preliminary hearing tape was not as bad as appellant suggests. The portion containing Officer Bachert's discussion of the surveillance is audible. Small portions of the tape are inaudible. But, appellant has failed to show how the gaps in the preliminary hearing recording unfairly crippled the defense. The preliminary hearing was quite short. It consisted primarily of Officer Bachert's eyewitness testimony about the drug buy. Appellant might have shown by comparison with trial testimony that he was probably prejudiced by not having testimony from the few inaudible portions of the tape. Not having done so, however, we must conclude that there was nothing of significance lost.

> "In reviewing an assertion that prosecutorial misconduct results in the denial of a fair trial, we view the case in its entirety, including an evaluation of the state of the evidence and the probability of prejudicial impact on defendant under the circumstances of the particular case." *Stogner v. State,* Wyo., 674 P.2d 1298, 1302 (1984).

Viewing this case in its entirety, it is apparent there was no prosecutorial misconduct and that appellant received a fair trial. The evidence of his guilt was overwhelming.

## INEFFECTIVE ASSISTANCE
## OF COUNSEL

■ Appellant claims that the prosecutor's discovery abuses, the inadequacy of the preliminary hearing tape, and the "plastic bitch" imbroglio made his lawyer's assistance ineffective. We have discussed all of these complaints above. Suffice it to say that appellant has failed to demonstrate how his counsel's effectiveness at trial was adversely affected by these alleged improprieties. He has not rebutted the presumption of effective assistance of counsel. *Munden v. State,* Wyo., 698 P.2d 621, 623 (1985). Nor has he taken the next step and shown us how any deficiencies in his counsel's performance prejudiced the defense. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). See also *Spilman v. State,* Wyo., 633 P.2d 183, 185 (1981).

Having found no error in any of the claims of appellant, the judgment of conviction is affirmed.