Howard L. FREEMAN,
Appellant (Defendant),

v.

TOWN OF LUSK, Appellee (Plaintiff).

No. 85–151.

Supreme Court of Wyoming.

April 10, 1986.

Rehearing Denied May 8, 1986.

Howard L. Freeman, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Sylvia Lee Hackl, Sr. Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., BROWN, CARDINE and URBIGKIT, JJ. and ROONEY,* J., Retired.

THOMAS, Chief Justice.

The essence of the claim of error in this case as we perceive it, is that an unsworn traffic citation which was issued and which charged a violation of a town ordinance is insufficient to invoke the jurisdiction of the municipal court. The consequence of the failure to verify the complaint according to the appellant is that he was deprived of constitutional due process. There are collateral claims of error set forth in the appellant's brief, and we will quote those hereafter. We conclude that there was no error in connection with the appellant's conviction. That is the conclusion which the district court reached upon review of the finding of guilty in the municipal court. We affirm the conviction.

Appellant recites the following issues in his brief:

"I. DID THE 10TH AMENDMENT TO THE U.S. CONSTITUTION AUTHORIZE SECTION 7–16–101 WYOMING STATUTES 1977 TO BE APPLIED IN A

---

* Retired November 30, 1985.

MANNER THAT MUNICIPAL COURTS MAY IGNORE ALL TIMELY CLAIMED RIGHTS OF NATURAL CITIZENS, ALL SEPARATION OF POWER DOCTRINES OF STATE AND NATIONAL CONSTITUTIONS, AND ALSO EVEN THE WYOMING RULES OF CRIMINAL PROCEDURE, SO LONG AS THE PUNISHMENT FOR SAID CRIMINAL ACT DOES NOT EXCEED $750.00?

"II. DOES SECTION 7–16–101, W.S. 1977 AUTHORIZE UNSWORN COMPLAINTS IN CRIMINAL CASES?

"III. DOES A COURT, WHICH DECLARES ON THE RECORD THAT IT IS HEARING AN ACTION BROUGHT IN THE NAME OF THE PEOPLE, HAVE THE AUTHORITY TO THEN IGNORE LEGAL DEFENSES, AND SUMMARILY TRY THE CRIME UPON THE LETTER OF AN ORDINANCE?

"IV. DID APPELLANT HAVE HIS *FIRST TRIAL* BY AN EXECUTIVE OFFICER EMPOWERED TO PERFORM EXECUTIVE AND JUDICIAL OFFICES, WHERE THE PUNISHMENT FOR THE CRIME WAS $40.00, AND THEN A TRIAL *DE–NOVO* IN MUNICIPAL COURT ON THE SAME OFFENSE, WHERE THE ONLY CHANGE WAS THAT THE PUNISHMENT WAS INCREASED TO $200.00 PLUS $10.00 COURT COSTS?

"V. DID THE 10TH AMENDMENT AUTHORIZE GUILT TO BE WRITTEN INTO STATE STATUTES AND MUNICIPAL ORDINANCES?"

As appellee, the State of Wyoming, suggests the following questions are involved in the claims of error and arguments of the appellant:

"I. WHETHER TOWN OF LUSK ORDINANCE 12–207 IS CONSTITUTIONAL.

"II. WHETHER THE INITIATION OF THE ACTION AGAINST APPELLANT BY THE ISSUANCE OF A CITATION WAS PROPER.

"III. WHETHER THE MUNICIPAL COURT HAD JURISDICTION OVER THE CASE."

It is the responsibility of an appellant to present relevant authority and cogent argument, and it is not enough to identify potential issues and expect this court to flesh them out. *Elder v. Jones,* Wyo., 608 P.2d 654 (1980). There are many precedents for the proposition that this court will not consider issues which are not supported with cogent argument or pertinent authority. E.g., *Capshaw v. State,* Wyo., 714 P.2d 349 (1986). In the past this court has not hesitated to invoke this rule against pro se litigants. *Skurdal v. State,* Wyo., 708 P.2d 1241 (1985). The appellant in this case does appear pro se, but no special consideration is to be given a litigant who presents his own case. *Osborn v. Manning,* Wyo., 685 P.2d 1121, 1125 (1984); *Annis v. Beebe and Runyan Furniture Company,* Wyo., 685 P.2d 678, 680 (1984); *Matter of GP,* Wyo., 679 P.2d 976 (1984).

In an expansion of the first issue that he has articulated, appellant has the following in his brief:

"Appellant argues 'No.' Appellee argues 'Yes.' To declare that the authorized police power under the 10th Amendment does away with the rest of the Constitution, and the rest of the substantive organic Law of the Land, or that it allows Amendment, or alteration to the U.S. Constitution by State Statutes not pursuant thereto, provided the statute does not affect a property interest above $750.00, is to Appellant prima facie evidence of unlawful usurpation by public servants, who are sworn 'juristic persons' to *obey* the Organic Law of the Land, and not to *bend* it by far fetched legalese."

The entire argument of this issue by the appellant in his brief is as follows:

"There is no authorization in the legal contract, which binds every public servant to obey and to support the Constitution of the United States and the State of Wyoming, to set an arbitrary figure of $750.00 at which figure Constitutional protection of natural rights is said to begin. Lusk Town Ordinance # 12–207

is unenforceable upon natural citizens as it is written and administered."

In light of the precedents cited we do not address the appellant's first issue.[1]

■ Turning to the second and third issues presented which we will address together, the appellant's essential argument is that the citation which was issued to him on June 6, 1984, never was signed under oath by the arresting officer. He contends it could not serve as a valid complaint to invoke the jurisdiction of the municipal court. That citation charged him with driving the wrong way on a one-way street. We find no dispute in the record about the fact that Mr. Freeman on that day did drive south for one block along Maple Street in the Town of Lusk, and that Maple Street is a one-way street for those traveling north.

The appellant mistakenly relies upon § 7–16–101, W.S.1977, which addresses jurisdiction of justices of the peace. It does provide for misdemeanor jurisdiction "on information or complaint, under oath, saving to the defendant the right of appeal to the district court." The relevant provisions in rules and statutes pertaining to this case are as follows:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath * * *." Rule 3(a), W.R.Cr.P.J.C.

"As provided by law * * * citations may issue for offenses violating * * * any traffic ordinance of any city or town." Rule 24(b), W.R.Cr.P.J.C.

"These rules shall also apply to police justice · proceedings relating to trial of offenses against the ordinances of cities and towns." Rule 1(a)(2), W.R.Cr.P.J.C.

"In the event the form of citation * * * includes information and is sworn to as required under the general laws of this state * * * when filed * * * shall be deemed to be a lawful complaint for purposes of prosecution under this act [Regulation of Traffic on Highways]." Section 31–5–1213, W.S.1977.

These provisions establish that a citation should be subscribed and sworn to by the officer who issues it. This is the regular way to constitute it a lawful complaint for purposes of prosecution. The officer in this case did sign the citation in the proper place, but that portion of the citation indicating that the officer had sworn to the contents never was executed. It is a better practice in all instances to assure that the complaint is made upon oath, and the statutes do furnish guidance with respect to the proper manner of converting a citation into a formal complaint. The municipal judge could have easily set the matter straight when it was first brought to his attention.

Be that as it may, in *Cisneros v. City of Casper*, Wyo., 479 P.2d 198, 200–201 (1971) this court said:

"The verification is not a substantial part of the complaint and is merely to ensure good faith in instituting the proceedings. Absence of the required verification is only a simple defect in the complaint and does not render the complaint void or deprive the court of jurisdiction."

In *Cisneros*, the defendant did enter a plea without objecting to the lack of verification, but the court also emphasized that the defendant knew who the complaining witnesses were; that he never had any misapprehension as to the charge; and that he was not surprised or misled. In the later case of *State v. Faltynowicz*, Wyo., 660 P.2d 368, 370 (1983), this court invoked

---

1. We find in the record in this case two letters to the district court from the appellant. On both of them the letterhead reads: "The Committee to Save the Judges From Hanging Even Though They Deserve It." At the bottom of the stationery the following matter appears:

"The Bible and history tell us that an oppressed people have never once regained their freedom until they had hung the 'judges' and stoned the tax collectors to death; it is the fervent wish of the Committee that we can reason with the 'judges' to quit interfering with our common law protections. Then we will have only the tax collectors to deal with. Redloh 2:25."

While these warnings are dire, it well may be that cases such as the one before us constitute a far more severe punishment. Our rules of appellate practice were designed, at least in part, to protect judges from such consequences.

Rule 9(a), W.R.Cr.P., with respect to a complaint in the county court when the complaint served the same function as an indictment or information. Rule 9(a), W.R. Cr.P., provides in pertinent part:

"* * * any * * * defect * * * which does not tend to prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for the dismissal of the indictment or information or for reversal of a conviction. * * *"

The citation in this case was sufficient to serve as a charging document in a similar fashion.

"An indictment to be legally sufficient must fairly indicate the crime charged, must state the essential elements of the alleged crime and be sufficiently definite so that the defendant can prepare his defense, and definite enough so that the indictment will grant protection from further prosecution for the same offense." *State v. Faltynowicz*, supra, 660 P.2d at 371.

Technically, it could be said to have been error for the court to proceed to try the appellant without requiring a verified citation. Under the circumstances any such error was harmless beyond a reasonable doubt because there was absolutely no prejudice to any substantial right of the appellant. The citation apprised the appellant of the charge against him and furnished him all the protection he needed. The statute upon which the appellant relies in order to demonstrate a jurisdictional defect does not apply in the municipal court. Instead the rule of *Cisneros v. State*, supra, that the lack of verification on the complaint does not affect the jurisdiction of the court must be applied.

■ There is no merit to the contention of the appellant that it was improper for the officer who issued the citation to set bail for him. That argument is premised upon the assertion that the officer is a member of the executive branch of government and was exercising judicial functions. Appellant then rests a claim that his later trial resulted in an improper enhancement of the punishment imposed by the officer upon the first assertion.

The citing officer set an appearance bond under the schedule then in effect. Appendix I, W.R.Cr.P.J.C. That appendix provides for a bond of $30.00 for going the wrong way on a one-way street although the officer erroneously set the bond at $40.00. The schedule appears in Appendix I, Rule 44, W.R.Cr.P.C.C., effective January 1, 1985. Article 1, § 14, Wyo. Constitution, specifically authorizes bail. Appearance bonds are addressed in Rule 8(c)(1), W.R.Cr.P. Rule 7(a), W.R.Cr.P.J.C., provides for the instance of an appearance bond being executed pursuant to the provisions of Rule 8(c), W.R.Cr.P., and that it should substantially conform to the provisions of the form in the appendix. Except for the error in the amount of the bond, the officer did not do anything wrong nor did he violate the constitution. In any event, Mr. Freeman did not attempt to post the bond, and for that reason he has no standing to attack the bond or the manner in which bail was set.

■ As a final proposition the appellant contends that "strict liability" crimes such as driving the wrong way on a one-way street, are not constitutional. It is well established that the legislature may adopt statutes defining crimes which are malum prohibitum, and which require no showing of any criminal intent beyond that encompassed in the conduct which violates the statute. See, e.g., *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), *reh. denied*, 403 U.S. 912, 91 S.Ct. 2201, 29 L.Ed.2d 690 (1971); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Armijo v. State*, Wyo., 678 P.2d 864, 869 (1984).

We hold that there were no errors in charging the appellant with driving the wrong way on a one-way street in an unsworn citation, nor in his conviction for that offense. The judgment of the municipal court, which was affirmed by the district court, is affirmed.