**Lowell E. HANCE, d/b/a Hance's Foreign Car Repair, Appellant (Defendant),**

v.

**Lawanna STRAATSMA, Appellee (Plaintiff).**

No. 85–188.

Supreme Court of Wyoming.

July 2, 1986.

**576**

Lowell E. Hance, pro se.

No appearance for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The only issue presented in this case appears to be the question of the sufficiency of the evidence to sustain a judgment entered against Lowell E. Hance in the county court of Uinta County for failure to accomplish carburetor repairs. The county court entered a judgment for $100.00 against Hance, and that judgment was affirmed in the district court. Hance has appealed to this court from the order of the district court affirming the judgment of the county court and has elected to represent himself.

■ Hance's brief in this court is two pages long on legal size paper.[1] No authorities are cited to sustain his position, but he states the issue to be resolved in this way:

> "Did the County Court abuse its discretion in finding the Appellant guilty based upon the evidence introduced at trial and should the Supreme Court disturb the Judgment of the District Court's ruling on appeal which thereby affirmed the Judgment of the County Court."

The record which is available to us discloses that Lawanna Straatsma took her automobile to Hance's Foreign Car Repair for installation of a rebuilt carburetor and for a tune-up. When she came for her car on February 23, 1985, it would not start. Hance then offered to accomplish additional work on the car and have it ready on February 25, 1985. Straatsma was upset and refused this offer stating that she

---

**1.** Rule 5.05, W.R.A.P., requires that briefs be submitted to this court on paper 8 1/2 inches by 11 inches in size, not on legal size paper. We frequently have objected to the failure of litigants such as Mr. Hance who chose to represent themselves to comply with the rules of this court. *Urich v. Fox,* Wyo., 687 P.2d 893 (1984); *Osborn v. Manning,* Wyo., 685 P.2d 1121 (1984); *Annis v. Beebe & Runyan Furniture Company,* Wyo., 685 P.2d 678 (1984); and *Matter of GP,* Wyo., 679 P.2d 976 (1984). While we have on these occasions complained of failure to follow our rules we have not imposed sanctions. We now serve notice that we will strike briefs of litigants which are not submitted on paper of the proper size and we may in our discretion refuse to grant leave to refile such briefs.

would find someone else to get the car running. Despite her dissatisfaction, however, she paid Hance's bill of $254.50 on February 24, 1985.

In the meantime she had a friend of hers work on the car. She admitted at trial that her friend had tampered with the float level adjustment in the carburetor. The car still did not function properly, and Straatsma brought it back to Hance on February 25, 1985, for additional work. The automobile still failed to function properly, and Straatsma then took it to a dealer in Salt Lake City where she incurred an additional repair bill of $244.09.

Straatsma then brought an action against Hance in the County Court of Uinta County. In her complaint she alleged as damages the $254.50 she had paid to Hance, the $244.09 paid to the Salt Lake City dealer, and $3.75 for the fuel required to make the trip to Salt Lake City. She also prayed for $10.00 in court costs. Hance's defense was that the Hance's Foreign Car Repair carburetor warranty was valid only if the float level adjustment had not been tampered with. In resolving the case in Straatsma's favor the county court, in an opinion letter, pointed out that Hance had worked on the car after Straatsma's friend had tampered with the float level in the carburetor, but also noted that Straatsma had not fully extended to Hance the opportunity to make his work right. The county court then determined that Hance should pay Straatsma one-half the charge for the work he performed which related directly to the carburetor, that is $85.00, plus court costs of $10.00 and a sheriff's service fee of $5.00.

In his brief on appeal to the district court Hance argued that the issues were whether Straatsma had knowingly violated the warranty terms and whether, in light of the failure of Straatsma to bring her friend to testify with respect to his work on the car, there was sufficient evidence to support the judgment in Straatsma's favor. The sufficiency of the evidence issue was not, however, further briefed in the appeal to the district court. The district court af-

firmed the judgment of the county court, stating that the county court was correct in not treating the case as one for breach of warranty, but indicating that it was an equitable action for recision of contract based on failure of consideration. In his "brief" filed in this court reference is made by Hance to Straatsma's full awareness of the warranty requirements and to the evidence demonstrating the altered float level adjustment. The "argument" in the brief in toto says:

> "Plaintiff testified that her friend had altered at least one float level adjustment which she admittedly understood beforehand breached carburetor warranty requirements. The friend was not present at trial to substantiate whatever else he may have done to the carburetor or vehicle in general."

We are unable to discern whether Hance challenges the sufficiency of the evidence to support the judgment or the county court's failure to find that he was not liable under the warranty, or both. We have said that it is not the function of this court to frame appellant's argument or draw his issues for him. *Freeman v. Lusk*, Wyo., 717 P.2d 331, 332 (1986); *Allen v. Safeway Stores, Inc.*, Wyo., 699 P.2d 277, 280 (1985); *37 Gambling Devices v. State*, Wyo., 694 P.2d 711, 713 (1985); *Young v. Hawks*, Wyo., 624 P.2d 235, 238 (1981); *Cline v. Safeco Insurance Companies*, Wyo., 614 P.2d 1335, 1337 (1980); and *Alcala v. State*, Wyo., 487 P.2d 448, 456 (1971), cert. denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, reh. denied 406 U.S. 911, 92 S.Ct. 1613, 31 L.Ed.2d 823 (1972). It is not enough in presenting an appeal in this court to identify a potential issue, but, at a minimum, the appellant should make some attempt to relate the law to the facts. *Elder v. Jones*, Wyo., 608 P.2d 654, 660 (1980).

This court consistently has refused to consider positions which are not supported by cogent argument or pertinent authority. *Freeman v. Lusk*, supra, at 332; *Capshaw v. State*, Wyo., 714 P.2d 349, 352 (1986); *Goggins v. Harwood*, Wyo., 704 P.2d 1282,

1294 (1985); *Gulf Oil Corp. v. Wyo. Oil & Gas Conservation Commission*, Wyo., 693 P.2d 227, 239 (1985); *Zanetti v. Zanetti*, Wyo., 689 P.2d 1116, 1120 (1984); *Osborn v. Manning*, Wyo., 685 P.2d 1121, 1124 (1984); *Cubin v. Cubin*, Wyo., 685 P.2d 680, 682 (1984); *Kincheloe v. Milatzo*, Wyo., 678 P.2d 855, 858 (1984); and *Herman v. Speed King Mfg. Co.*, Wyo., 675 P.2d 1271, 1278 (1984). We are not required to consider on appeal grounds which were neither presented to or nor passed upon by the intermediate court. *Hogan v. Postin*, Wyo., 695 P.2d 1042 (1985), citing 5B C.J.S. Appeal & Error § 1815, p. 151 (1958). *Hudson Coal Company v. Hauf*, 18 Wyo. 425, 109 P. 21 (1910), as construed in a dissenting opinion by Justice Raper in *Dixon v. City of Worland*, Wyo., 595 P.2d 84, 88 (1979), may even inhibit the consideration of questions which were not presented to the district court serving as an intermediate appellate court.

Our rule is that where the sufficiency of evidence is an issue we uphold the judgment if there is evidence to support it, and in so doing we look only to the evidence submitted by the prevailing party and give to it every favorable inference which may be drawn therefrom, without considering any contrary evidence. *Ely v. Kirk*, Wyo., 707 P.2d 706, 709 (1985); *Goggins v. Harwood*, supra; *Mobil Coal Producing, Inc. v. Parks*, Wyo., 704 P.2d 702, 705 (1985); *Matter of Jones*, Wyo., 702 P.2d 1299 (1985); *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); and *Tremblay v. Reid*, Wyo., 700 P.2d 391 (1985). The record in this case discloses that Straatsma's evidence was to the effect that even though her friend had worked on the carburetor Hance still agreed to do, and Hance did, corrective work thereafter. In proceeding to work on Straatsma's vehicle at that point in time, Hance waived any complaint that he may have had with respect to Straatsma's breach of the warranty agreement. The only problem was that Straatsma refused to afford Hance still a second opportunity to correct the poor work. Even so, in balancing the equities, the county court awarded a judgment against Hance for only one-half the cost of the carburetor repair work. We do not find any error with respect to the failure of Straatsma to produce her friend to testify. Hance could have subpoenaed that friend to testify at the trial. Furthermore, Straatsma admitted that the warranty agreement was breached.

The record persuades us that this judgment is supported by sufficient evidence and should be upheld. The order of the district court affirming the judgment of the county court is affirmed.

Had Straatsma appeared to defend this appeal, we might well have refused to certify that there was reasonable cause for it. The refusal to so certify would have entitled Straatsma not only to the cost of preparing a brief, but also a reasonable attorney fee of $100 to $500 together with a penalty of up to $1,000 pursuant to Rule 10.05, W.R.A.P. *Matter of Adoption of GSD*, Wyo., 716 P.2d 984 (1986); *Andrau v. Michigan Wisconsin Pipe Line Company*, Wyo., 712 P.2d 372 (1986); *Osborn v. Warner*, Wyo., 694 P.2d 730 (1985); *James S. Jackson Company, Inc. v. Meyer*, Wyo., 677 P.2d 835 (1984); *Bacon v. Carey Company*, Wyo., 669 P.2d 533 (1983); *Reno Livestock Corporation v. Sun Oil Company*, Wyo., 638 P.2d 147 (1981); *Perry v. Vaught*, Wyo., 624 P.2d 776 (1981); and *Keller v. Anderson*, Wyo., 554 P.2d 1253 (1976). Straatsma chose not to defend the appeal. She has not been prejudiced or damaged by the frivolous pursuit by Hance of his case in this court. The specious nature of Hance's appeal would justify dismissal, but instead we affirm the judgment.