Paul E. KIPP, Appellant (Defendant),

v.

Franklin E. BROWN,
Appellee (Plaintiff).

No. 87-193.

Supreme Court of Wyoming.

March 11, 1988.

---

Paul E. Kipp, pro se.

Andrew L. Breffeilh, Jackson, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The only matter to be addressed in this case is our discipline of the appeal process

by the enforcement of the Wyoming Rules of Appellate Procedure. We find that the hazards of a litigant eschewing the services of an attorney and opting to represent himself are illustrated once again. The failure of the appellant to meet the requirements of Rule 5.01, W.R.A.P., in a number of respects, is so egregious that we must invoke the sanction of affirmance provided in Rule 1.02, W.R.A.P., without addressing any of the contentions of the appellant. The judgment of the district court is affirmed.

Franklin E. Brown, the appellee in this proceeding, filed a complaint against Paul E. Kipp, the appellant, seeking the recovery of possession of a parcel of real property located in Teton County, Wyoming. The complaint alleged that Brown was the record owner in fee of the described property; that Kipp had trespassed on the premises for more than two years; and that, without the consent of Brown, Kipp had placed several fixtures, improvements and personalty on the property. First, in a response letter and, subsequently, in an answer to Brown's complaint, Kipp admitted his presence on the property, the addition of the various fixtures and improvements and the placing of personalty on the property. Kipp contended that his presence on the property as "site manager" not only was authorized but was, in fact, "ordered" by certain unidentified "offshore trust managers or trustees" holding mineral interests in the property.

By interrogatories and a request for production of documents, Brown made a number of unsuccessful requests for specific information from Kipp with respect to the litigation. Brown then filed a motion to compel discovery. In response to that motion, the district court ordered that Kipp "fully and completely answer the Interrogatories served on him," and to "respond to the Request for Production of Documents served on him * * *." The court, in addition, ordered Kipp to pay $150 to Brown for costs of the litigation. The order provided that Kipp's failure to comply would result in judgment against him.

Responding to this order, Kipp filed "Answers to: 'Motions to Compel Discovery'" in which he continued to deny his ability to answer the interrogatories and requested the court "to take judicial notice that defendant [Kipp] has already 'made a good faith effort', to provide the information requested by plaintiffs [sic] attorney, and cannot provide information he is not privy to." Kipp also filed a "Motion to Rescind Orders, Motion to Deny Costs, Motion to Deny Judgement [sic] and Costs:." In that motion, Kipp stated, among other things:

"1: Defendant respectfully demands this court to, 'rescind its order', of May 29, 1987, on grounds of the Court [sic] has no jurisdiction over defendant under constitutional law, rights, privileges and immunities, as retained by defendant as citizen voter of Teton County, State of Wyoming, or by authority of the 1872 Mining Act, federally, and by Supreme Court of the United States and their mining decisions and amendments thereto.

\* \* \* \* \* \*

"3: Defendant should not be 'ordered' or forced to subject himself to payment of an enforced, 'illegal sum of money as a fine', because said defendant asserted his constitutional rights, and his answers truthfully, to this Court, in previously filed motions or answers to Plaintiffs [sic] requests."

Kipp produced nothing further in the nature of answers to interrogatories or documents as the order had required him to do.

The trial court then determined that Kipp had failed to comply with its order concerning discovery, and it entered judgment against Kipp pursuant to Rule 37(b)(2)(C), W.R.C.P. The judgment which was entered granted a writ of possession of the property to Brown and "permanently enjoined and restrained" Kipp "from entering, occupying, possessing, or trespassing upon" the land in question "without the express permission of [Brown]." After the entry of this judgment, Kipp filed a "Motion to Stay Execution of Judgement [sic]: Notice of Appeal from Judgement [sic] of this Court, to Wyo. Supreme Court:" in

which Kipp also alleged defamation, claimed compliance with the order of the court regarding discovery and asserted the failure of the trial court to afford him his constitutional right. At all times, in the trial court, and in connection with this appeal, Kipp has chosen to represent himself.

In what is denominated "Appeal from District Court, Teton County: Honorable Robert B. Ranck, Judge:," apparently intended as his brief, Kipp makes this statement of issues:

"(A) This case # 6861, in appellant[']s belief and by cited authorit[i]es in law, by recordations submitted, should never have come to court action, nor should appellant have been forced by district court to submit the same to supreme court for review and decision. The issues are straightforward, Clark Wheeldon purchased real property, and upon selling the same to plaintiff appellee, Franklin E. Brown, (See page 13, Exhibit (A): Retained certain mineral rights, as recorded: (See: page 13, Exhibit (A): which right he has exercised by the exploration, examination, drillings for depths, computation of amounts of gravels in tonnage, and now the potential sale of the same (gravels): (See: page 53: Exhibits").: As permitted by law and by contractual agreement upon sale of property to Franklin E. Brown, the plaintiff appelle[e] herein."

In the Brief of Appellee, this statement of issues appears:

"I. Whether appellant has framed a cogent issue for Supreme Court review.
"II. Whether the District Court clearly abused its discretion to enter judgment against the appellant, for failure to comply with the Wyoming Rules of Civil Procedure."

Rule 5.01, W.R.A.P., provides:

"The brief of the appellant shall contain under appropriate headings and in the order here indicated:

"(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;

"(2) A statement of the issues presented for review;

"(3) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings; and its disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate page references to the record;

"(4) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on;

"(5) A short conclusion stating the precise relief sought;

"(6) All briefs shall be signed by counsel submitting the briefs." [1]

The document filed by Kipp fails to comply with Rule 5.01, W.R.A.P., in a number of respects. First, Kipp's document contains no table of authorities, and the only references in the text of his brief to any authorities are some amorphous citations to 16 Am.Jur.2d in the title on *Constitutional Law*. We adopt for the purpose of our rule the following definition of "authorities:"

"Citation to statutes, precedents, judicial decisions, and text-books of the law, made on the argument of questions of law or the trial of causes before a court, in support of the legal positions contended for, or adduced to fortify the opinion of a court or of a text writer upon any question." Black's Law Dictionary at 121 (5th ed. 1979).

Secondly, we cannot discern from the "statement of issues," which we have recited above, just what Kipp believes the issues to be which might be addressed in this case. Finally, Kipp's "argument," unsup-

---

**1.** Rule 5.01, W.R.A.P., was amended effective October 20, 1987, after the filing of the briefs in this case. The amendment is not material in this instance. We quote the rule as it existed at the time the briefs were filed.

ported by meaningful authority as noted, is neither cogent nor comprehensible.

This court consistently has refused to consider positions which are not supported by cogent argument or pertinent authority. *Hance v. Straatsma*, Wyo., 721 P.2d 575 (1986); *Freeman v. Lusk*, Wyo., 717 P.2d 331 (1986); *Capshaw v. State*, Wyo., 714 P.2d 349 (1986). In the presentation of an appeal to our court, it is inadequate simply to allude to an issue or identify only a potential issue. The appellant must make some attempt to relate the applicable law to the facts. *Hance v. Straatsma*, supra; *Elder v. Jones*, Wyo., 608 P.2d 654 (1980). We have noted that Rule 5.01, W.R.A.P., does not contemplate a prolix and rambling narrative such as that found in Kipp's brief. *Walker v. Karpan*, Wyo., 726 P.2d 82 (1986).

We are reluctant to affirm a decision against a pro se party, such as Kipp, when the party has failed to comply with the procedural requirements of the rules of civil or appellate procedure. On the other hand, it is not the function of this court to frame an appellant's argument or draw his issues for him. *Hance v. Straatsma*, supra; *Freeman v. Lusk*, supra; *Allen v. Safeway Stores, Inc.*, Wyo., 699 P.2d 277 (1985). Consequently, we must affirm the decision in this case because there is nothing in Kipp's brief even akin to cogent argument or appropriate authority upon which to consider any contention, far less upon which to base a decision in his favor. See *Boehm v. Cody Country Chamber of Commerce*, Wyo., 748 P.2d 704 (1987); *Trout v. Wyoming Oil & Gas Conservation Commission*, Wyo., 721 P.2d 1047 (1986).

The judgment of the district court is affirmed.