Terrence AMREIN, Appellant (Plaintiff),

v.

WYOMING LIVESTOCK BOARD; N.R. Swanson, Wyoming State Veterinarian; Ken J. Griggs, D.V.M.; and Richard Johnson, D.V.M., Appellees (Defendants).

No. 91–210.

Supreme Court of Wyoming.

April 28, 1993.

Rehearing Denied May 19, 1993.

Terrence Amrein, pro se.

Joseph B. Meyer, Atty. Gen., Dennis Coll, Senior Asst. Atty. Gen., for appellee Swanson.

Patrick T. Holscher, Schwartz, Bon, McCrary & Walker, Casper, for appellees Griggs and Johnson.

Before MACY, C.J., and THOMAS, CARDINE and GOLDEN, JJ., and URBIGKIT, J., Retired.

THOMAS, Justice.

There are two significant issues in this case arising out of the granting of motions to dismiss, filed pursuant to Wyo.R.Civ.P. 12(b)(6). The first issue questions whether alleging a timely claim with specificity is essential to pleading the jurisdiction of the trial court in a claim asserted pursuant to the Wyoming Governmental Claims Act

(Governmental Claims Act).[1] The second issue questions whether the trial court, by considering a copy of a claim attached to a Motion to Dismiss filed by the State of Wyoming, converted motions to dismiss filed by individual defendants into motions for summary judgment, thus invoking the requirement that the plaintiff be afforded a ten-day notice of such conversion prior to hearing. We hold the plaintiff failed to allege the jurisdiction of the trial court to address the claim against the State of Wyoming, and the trial court's Order of Dismissal Nunc Pro Tunc is affirmed insofar as it orders dismissal of the claim against the State of Wyoming. We also hold the appeal of the Order of Dismissal Nunc Pro Tunc as to the individual defendants will be dismissed for failure to comply with the rules of this court relating to cogent argument and relevant authority, remarking for the edification of the bar that, if the issue were properly before the court, it is likely the motion to dismiss would be treated as converted into a motion for summary judgment. The Order of Dismissal Nunc Pro Tunc is affirmed.

It is to be noted that Terrence Amrein (Amrein) appears in this case representing himself, and he presents the following statement of the issues in his Revised Brief of Appellant with Appendix:

I. The Ninth District Court erred in dismissing the case when Issues of Material Fact Existed.

II. The Ninth District Court Erred in Dismissing the case when all facts had not been examined and in effect gave Summary Judgment without proper inputs.

III. The Plaintiff's Constitutional Rights have been violated and Due Process denied the Plaintiff.

IV. The District Court's Findings and Conclusions were Erroneous in Several Respects.

In the Brief of Appellee Dr. Norm Swanson, DVM, the only issue stated is the following:

I. The lower court properly dismissed the Appellant's action for failure to timely file a claim pursuant to the Wyoming Governmental Claims Act.

In the Brief of Appellees Kenneth J. Griggs, DVM and Richard Johnson, DVM, this statement of the issues appears:

I. ISSUES PRESENTED FOR REVIEW

The issue for review concerning the appellees, Kenneth J. Griggs, DVM, and Richard Johnson, DVM, is whether the appellant filed this action within the time limit imposed by the applicable statute of limitations, W.S. § 1–3–107.

A sub issue exists as to whether the appellant has satisfied his burden of submitting a brief with cogent argument and pertinent authority.

Early in 1989, the State of Wyoming seized several horses and cows that were in Amrein's possession. The justification for that seizure was Amrein's treatment of the animals as reflected in *Amrein v. State*, 836 P.2d 862 (Wyo.1992). This case focuses on only one of those animals, an Appaloosa stallion named Rainy Moon Zenith (alternatively called Hi Moon or High Moon). After the stallion was seized and placed in state care, the animal, which was diseased, was euthanised pursuant to an order of Dr. Swanson. The euthanisation occurred on April 15 or 16, 1989. Dr. Griggs and Dr. Swanson were contract veterinarians for the State of Wyoming. They had treated the stallion and Dr. Johnson performed the euthanasia procedure.

Amrein presented an "itemized statement" dated April 17, 1991, in which he sought for the wrongful destruction of "Hi Moon" $500,000 compensation from the State Veterinarian and the Wyoming Livestock Board, apparently proceeding under the Governmental Claims Act. In this civil action, Amrein alleged there was a negligent diagnosis with respect to the stallion, and it was illegally destroyed. In his pro se complaint, Amrein alleged with respect to the filing of a claim under the Governmental Claims Act:

1) This court has jurisdiction and venue is proper under WS 1–3–117.

---

**1.** Wyo.Stat. §§ 1–39–101 to –120 (1988) (Supp. 1992).

2) Plaintiffs have made a claim under WS 1–39–113 but have not received a settlement offer to date, nor has the claim been rejected, but we have to file this case now or the statute of limitation will run, and I (we) expect the state to reject the claim.

Appearing initially for both the Wyoming Livestock Board and N.R. Swanson, Wyoming State Veterinarian, the Office of the Attorney General filed a Motion to Dismiss on the ground a timely claim was not filed,[2] and a copy of a claim presented by an attorney on behalf of Amrein was attached to the Motion to Dismiss. The letter, dated April 17, 1991, asserts that it is "a claim for the wrongful destruction of Hi Moon by that order of Dr. N.R. Swanson made on or about April 15th or 16th, 1989." Amrein filed a Reply to Motion to Dismiss to which he attached various reports of tissue samples, which reflect that the tissue samples were received on April 20, 1989. After filing answers, both Dr. Griggs and Dr. Johnson filed motions to dismiss, raising the statute of limitations. They alleged the injury occurred no later than April 16, 1989, and the complaint was filed on April 22, 1991. Amrein also filed a Reply to Motions to Dismiss by Griggs, and Reply to Motions to Dismiss by Richard Johnson, to which he attached copies of a transcript of testimony in connection with the prior criminal proceeding in which there is testimony the stallion was euthanised on April 15, 1989. The trial court disposed of the cases by granting the respective motions to dismiss, and it is from that resolution, ultimately made in an Order of Dismissal Nunc Pro Tunc, that Amrein has taken this appeal.

We affirm the dismissal with respect to Dr. Swanson, but for a different reason from that urged in the trial court and in Dr. Swanson's brief. Our rule states we can consider the question of jurisdiction upon our own motion and that it is never waived. *Board of Trustees of the University of Wyoming v. Bell*, 662 P.2d 410 (Wyo.1983), and cases cited therein. We said in *Bell:*

> [W]e hold that the failure to file a claim under that statute [Wyo.Stat. § 1–39–113] results in a district court having no jurisdiction over an action which is brought **if the complaint fails to allege the filing of the claim pursuant to statute.**

*Bell*, 662 P.2d at 415 (emphasis added). In this instance, Amrein alleged the filing of the claim, but we expand upon the rule articulated in *Bell* and now hold that, in order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the "alleged act, error or omission" or, alternatively, the statutory ground for the late discovery of the "alleged act, error or omission." Since Amrein failed to make this allegation, the complaint was subject to dismissal for failure to allege the jurisdiction of the court with specificity. We recognize dismissal is within the discretion of the trial court, and it would generally be appropriate to enter that dismissal without prejudice. *Boller v. Key Bank of Wyoming*, 829 P.2d 260 (Wyo.1992); *Johnson v. Aetna Casualty and Sur. Co. of Hartford, Connecticut*, 608 P.2d 1299 (Wyo.1980), *appeal dismissed, cert. denied*, 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981), *reh'g de-*

**2.** Wyo.Stat. § 1–39–113 (Supp.1992) provides, in pertinent part:

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(i) Not reasonably discoverable within a two (2) year period; or
(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

The failure to file a timely claim under this statutory provision is an absolute bar to suit against the governmental entity. *Duran v. Board of County Comm'rs of Sweetwater County*, 787 P.2d 971 (Wyo.1990); *Davis v. City of Casper*, 710 P.2d 827 (Wyo.1985); *Lafferty v. Nickel*, 663 P.2d 168 (Wyo.1983).

*nied,* 455 U.S. 1039, 102 S.Ct. 1743, 72 L.Ed.2d 157 (1982); *Breazeale v. Radich,* 500 P.2d 74 (Wyo.1972). In this case, it appears from the file that it would be impossible for Amrein to present the requisite allegations and, consequently, we affirm the order of dismissal as to Dr. Swanson.

 Turning then to the appeal as it involves Dr. Griggs and Dr. Johnson, we discern no jurisdictional problem with respect to the complaint against them. Instead, we rely upon our articulated rule that, in the absence of the citation of pertinent authority or cogent argument, we will not afford relief to an appellant. Wyo. R.App.P. 5.01 (1978) (now Wyo.R.App.P. 7.01 (1992)).[3] While it is permissible under our system for litigants to represent themselves, such litigants do not receive any special benefit in the examination of papers that are presented to this court including briefs. *Kipp v. Brown,* 750 P.2d 1338 (Wyo.1988), and cases cited therein. We hold the Revised Brief of Appellant With Appendix is woefully lacking in either the presentation of pertinent authority or cogent argument. Consequently, we invoke our rule that we will not consider the issues that are presented and, for that reason, we affirm the district court.

 We add simply as a caveat for the edification of the bar that it appears, in this instance, the trial court considered "matters outside the pleading" in arriving at a decision to dismiss the complaint. In our view, the Wyoming Rules of Civil Procedure demand that the contemplation of a motion to dismiss focus only upon the allegations of the complaint and whether it states a claim. The specific relevant language of Wyo.R.Civ.P. 12(b) (emphasis added) is:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the **pleading** to state a claim upon which relief can be granted, matters outside the **pleading** are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

It is from this premise that we could affirm the dismissal of the complaint as to Dr. Swanson. If, however, the trial court considers other materials, the result is the conversion of the motion to dismiss into a motion for summary judgment, and the rules require, according to our cases, that the plaintiff receive a ten-day notice of the decision to convert the motion to dismiss into a motion for summary judgment so that appropriate responses can be made to the materials apart from the complaint. *E.g., Shriners Hospitals for Crippled Children, Inc. v. First Sec. Bank,* 835 P.2d 350 (Wyo.1992); *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251 (Wyo.1992); *Brebaugh v. Hales,* 788 P.2d 1128 (Wyo.1990); *Torrey v. Twiford,* 713 P.2d 1160 (Wyo.1986); *Kirby Bldg. Systems v. Independence Partnership No. One,* 634 P.2d 342 (Wyo.1981); *Wyoming Ins. Dep't. v. Sierra Life Ins. Co.,* 599 P.2d 1360 (Wyo.1979).

We hold that the trial court properly dismissed the complaint as to Dr. Swanson because of the failure of the complaint to allege jurisdiction with requisite specificity, and we refuse to consider the issues raised in the appeal with respect to Dr. Johnson and Dr. Griggs for the reasons set forth above.

The Order of Dismissal Nunc Pro Tunc entered in the trial court is affirmed.

URBIGKIT, Justice, Retired, dissenting.

This case provides a continuing examination of the campaign by certain state (including judicial) officials against Terrence

---

**3.** Our cases are legion in which we have stated that we need not consider errors asserted on appeal, but which are not supported by available authority or cogent argument. *See, e.g., Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.,* 800 P.2d 505 (Wyo.1990); *Kipp v. Brown,* 750 P.2d 1338 (Wyo.1988); *Hance v. Straatsma,* 721 P.2d 575 (Wyo.1986); *Young v. Hawks,* 624 P.2d 235 (Wyo.1981); *Wyoming Timber Products Co. v. Crow,* 500 P.2d 683 (Wyo.1972); *Nichols v. Pangarova,* 443 P.2d 756 (Wyo.1968); and *Stolldorf v. Stolldorf,* 384 P.2d 969 (Wyo. 1963).

Amrein. *See Amrein v. State*, 836 P.2d 862 (Wyo.1992).

In the present case, appellant, Terrence Amrein (Amrein), sued state veterinary officials who deliberately destroyed one of his animals suffering from an alleged incurable disease. At the same time, the State was prosecuting Amrein on various charges to which Justice of the Peace William W. Cramer originally sentenced Amrein to eight consecutive six-month sentences and a fine in the amount of $6,000, for a total confinement in county jail of four years. *Amrein*, 836 P.2d at 863.

In this civil damage case, taken on appeal pro se, Amrein presents two issues: (1) improper grant of summary judgment by the trial court when issues of fact existed, *Cordova v. Gosar*, 719 P.2d 625 (Wyo. 1986); and (2) insufficiency of the evidence to justify destruction of his property in compliance with state law.

Appellees, as state officials, changed the scope of the appeal attacking the lack of proof of satisfaction of the statute of limitation for professional malpractice, Wyo. Stat. § 1-3-107 (1988), as well as the technical insufficiency of the pro se appellate brief.

This court's majority resolves the case on a basis not submitted by any of the litigants. It is from that adjudicatory readjustment and its failure to provide Amrein due process to litigate his "state taking" claim that I dissent. Implicit in my disagreement is that Amrein's liberty interests were tried in the criminal prosecution by a far from disinterested jury, but he has also been denied even that access in this property deprivation litigation.

The court reaches this stage by creating an entirely new obstacle in the mine field litigants must pass. It is now deemed jurisdictional, in the case of a claim against a state official under the state's general claims statutes, Wyo.Stat. § 1-39-101 through § 1-39-120 (1988 & Cum.Supp. 1992), to allege pleading a date of filing the claim. In other words, to be defensible from a motion to dismiss, it is not now sufficient to allege timely filing or filing, but the date of filing must now be alleged so that adjudicatory review can be pursued on a motion to dismiss premise.

It might be true, as the majority now finds as a fact, that it "would be impossible for Amrein to present the requisite allegations," but it might also be possible, within contested issues found in abundance in this case of human and animal tragedy, to find the opposite. In any event, appellate implementation of this new principle of pleading at this stage as a *jurisdictional requirement* denies, in my opinion, Amrein due process and access to the courts. Wyo. Const. art. 1, § 6, due process; Wyo. Const. art. 1, § 8, open courts.

I am even less satisfied with the second segment of the majority opinion where, lacking a jurisdictional avenue for appellate disposition, the decision falls back into the pertinent authority and cogent argument disability for this pro se litigant.

Amrein contended that the litigation disposition was summary judgment. In view of the "evidence" in the record, I would agree. If this was a summary judgment conversion, W.R.C.P. 56, from a motion to dismiss, W.R.C.P. 12(b)(6), I would also accept the pro se litigant's presentation as adequate to present his argument and contention regarding summary judgment disposition without the necessity to recite the multitude of Wyoming cases directed to a principle of non-trial of issues of fact in summary judgment. *See*, in recent review, *Drake v. Winkler*, 838 P.2d 1177 (Wyo. 1992) and *Stalkup v. State Dept. of Environmental Quality (DEQ)*, 838 P.2d 705 (Wyo.1992). In general analysis, see also *Cordova*, 719 P.2d 625.

Consequently, I respectfully dissent and continue searching for a requirement for our courts to provide an avenue and access to justice without indispensably requiring participation by lawyers. *Osborn v. Emporium Videos*, 848 P.2d 237 (Wyo.1993).