# LITTLETON v. BURGESS, COUNTY AND PROSE-CUTING ATTORNEY.

Equity—Jurisdiction—Injunction—Restraining Criminal Pros-ecutions—Licenses.

1. The jurisdiction of a court of equity, unless expressly enlarged by statute, is limited to the protection of rights of property, and it has no jurisdiction over the prosecution of crimes, nor to enjoin a criminal prosecution.

2. Neither the criminal action brought against one seeking to enjoin the prosecution of the same, nor the infirmities of the statute, if any, under which the prosecution is pending can be lawfully determined by a court of equity.

3. If it be conceded that equity will intervene to restrain a criminal prosecution under a void statute, it will not try the validity of the statute, and will not interfere until the statute has been declared void in the proper legal tribunal.

4. One who is being prosecuted for the criminal violation of a statute claimed by him to be void has an adequate remedy at law in the criminal proceeding, not only to have the question of his guilt or innocence determined, but also the validity of the statute upon which the prosecution is based.

5. Should property rights be involved in a criminal prosecution, equity intervenes, if at all, not in restraint of the criminal proceedings, but rather in aid of the civil jurisdiction of the court. In such case it merely suspends the criminal proceedings until the property rights can be determined. It does not assume jurisdiction of the criminal action.

6. The permission granted by a license to conduct games of faro and roulette is not a property right; it is not a contract, nor does it convey a vested right, but it is issued in the exercise of the police power of the state, and may be modified, revoked or continued at its pleasure.

7. The fact that one, against whom a criminal prosecution is pending for the violation of a statute prohibiting gambling within the state, has been granted a license by an incorporated town to conduct and carry on the games for which he is being prosecuted does not give a court of equity jurisdiction to enjoin the prosecution of the criminal proceeding.

[Decided November 28, 1905.]                    (82 Pac., 865.)

ERROR to the District Court, Sheridan County, HON. RICHARD H. SCOTT, Judge of the First Judicial District, presiding.

This was a suit instituted by Fred Littleton to enjoin James H Burgess, County and Prosecuting Attorney of Sheridan County, from prosecuting a criminal proceeding in the District Court of that county charging the plaintiff with a violation of the statute of the state prohibiting gambling. From a judgment dismissing the suit, after a demurrer to the petition had been sustained, the plaintiff prosecuted a proceeding in error.

*M. B. Camplin,* for plaintiff in error. (J. F. Hoop, of counsel.)

The test of equity is the absence of an adequate remedy at law; but an adequate remedy at law is one that is practical, and is as efficient to the ends of justice and its prompt administration, as the remedy in equity (Richardson v. Meyer, 54 Neb., 319), or that the pursuit of such legal remedy will afford him as prompt and efficient redress as the remedy by injunction. (Wartier v. Williams, 53 Neb., 143; Wehmer v. Fokenga, 57 Neb., 510; Boyce v. Grund, 3 Peters, 210.) There can be no question but that the court has jurisdiction of the subject matter, and has the power to grant relief. (Sec. 10, Art. 5, Const.; Div. 3, Tit. 8, Ch. 4, R. S. 1899.) An injunction will lie to prevent the authorities from closing up one's business as being in the nature of an interference with property. (Ryan v. Jacobs, 6 W. L. B. (Ohio), 139.) A private citizen, to enjoin the enforcement of a public law, must be threatened with an injury peculiar to himself. (Grant v. Cook, 7 D. C., 165.) An injunction will lie to restrain a District Attorney from instituting criminal prosecution under color of invalid statute, for the purpose of compelling the relinquishment of a property right. (Cent. Tr. Co. v. R. Co., 80 Fed., 218; High on Inj., 1308; Atlanta v. Gas Light Co., 71 Ga., 126; R. Co. v. Board, 5 Colo. App., 129; Dobbins v. Los Angeles, 195 U. S., 223; La Harpe v. Gas Light Co., 76 Pac., 448; Hillman v. Seattle, 73 Pac., 791; Bank v. Mylin, 76 Fed., 385; Canal and Mill Co. v. Lee, 29 Pac., 1036; Rushville v. Nat'l Gas Co. (Ind.), 28 N. E., 853; State v. Hughes (Mo.), 16 S. W., 489.) Where it is alleged that a public body is proceeding to interfere with the rights of a person or a corporation in a manner which will cause damage, for which there is no adequate remedy at law, or which may cause a multiplicity of suits, and it is further alleged that the law under which the proceedings are in progress is unconstitutional, the petition presents cause for equitable relief by injunction to prevent further action. (Pac. Exp. Co. v. Cornell, 59 Neb., 364.) In the case at bar, not only are the stated rights of the plaintiff at stake, but the rights of the City of Sheridan, a political

subdivision of the state, are expressly involved. And it is under express authority from such city, by virtue of specially expressed delegated power by the Legislature of the state, which furnishes the basis for the plaintiff's petition, in one respect. To admit the spiteful and arbitrary course and conduct charged in the petition, and all other facts therein stated, and deny that the plaintiff is entitled to relief, is in our judgment untenable. It is fundamental that if a person commits an offense under a color or claim of right, however unfounded it may be, if he believed he had a right to do the act, he is not guilty of crime. In this case the alleged offense is a misdemeanor, if anything.

The plaintiff was arrested and threatened with arrests for *permitting* the games to be carried on in a certain building *within the corporate limits of the City of Sheridan,* for which he had and held a license from said city, under Section 3 of Chapter 65, Session Laws of Wyoming, 1901, which section the petition alleges to be void. (Counsel here discussed in his brief at some length the various grounds upon which the invalidity of the statute was claimed, and also the proposition that the statute under which the prosecution was based was without force in the City of Sheridan because of power granted in the charter of the city to license the carrying on of games prohibited by the later general statute.)

*E. E. Enterline, Lonabaugh & Wenzell* and *Charles A. Kutcher,* for defendant in error.

It is a well settled rule both in England and America that a court of equity has no jurisdiction to interfere by injunction to restrain a criminal prosecution, whether the prosecution be for violation of statute or for an infraction of municipal ordinances. (16 Ency. L. (2d Ed.), 370-371; Poyer v. Des Plains, 123 Ill., 111; Crighto v. Dahmer, 21 L. R. A., 84; Chisholm v. Adams, 71 Tex., 678; Joseph v. Burke, 46 Ind., 59; Portis v. Fall, 34 Ark., 375; Holderstaff v. Saunders, 6 Mod., 12; Suess v. Noble, 31 Fed., 855; Wagoner v. Drake, 31 Fed., 849; *In re* Sawyers, 124 U. S., 200; Phil-

lips v. Stone, 61 Ga., 386; Pope v. Savannah, 74 Ga., 365; Moses v. Mobile, 52 Ala., 198; Burnett v. Craig, 68 Am. Dec., 115.)

*M. B. Camplin* and *J. F. Hoop,* for plaintiff in error, in reply.

Where the enforcement of an ordinance or statute would work great injury to property rights, injunctions are allowed. (Louisiana St. Lottery Co. v. Fitzpatrick, 3 Woods, 222; Bottling Co. v. Welch, 42 Fed., 563; Cent. Tr. Co. v. R. Co., 80 Fed., 225; Mobile v. R. Co., 84 Ala., 116; Atlanta v. Gas Co., 71 Ga., 107; Davis v. Fasig, 128 Ind., 271; Baltimore v. Radeck, 49 Md., 217; Schuster v. Metropolitan B. of H., 49 Barb., 450; Austin v. City Cem. Asso., 87 Tex., 330; Louisville v. Gray, 1 Litt., 147; Shinkle v. Covington, 83 Ky., 430.)

VAN ORSDEL, JUSTICE.

This is an injunction proceeding brought in the District Court of Sheridan County by the plaintiff in error against the defendant in error for the purpose of restraining the latter, as Prosecuting Attorney of Sheridan County, from prosecuting the former for violations of the provisions of Chapter 65, Session Laws of 1901, being an act prohibiting gambling within the State of Wyoming. Plaintiff in his amended petition alleges, among other things, that on the 28th day of July, 1904, he was granted licenses by the town of Sheridan, permitting him to conduct and carry on games of faro and roulette in a building occupied by him in said town; that said licenses were issued under and by virtue of an ordinance regularly enacted by the Town Council of said town; that the authority for the enactment of said ordinance is found in the provisions of a special charter granted by the Legislature of the Territory of Wyoming for the incorporation of said town, wherein among other powers granted, the town is empowered and authorized "to levy and collect a license tax from billiard tables, bowling alleys, and other games and gaming tables"; that said pro-

vision of said charter was not repealed by said Chapter 65, and is still in full force and effect; that, notwithstanding said licenses, the defendant, in the name of the State of Wyoming, filed three informations in the District Court of Sheridan County charging plaintiff with violations of the provisions of said Chapter 65; and that defendant threatened to file additional informations against plaintiff for each and every violation of said statute. It is further alleged in the petition that said Chapter 65 is unconstitutional and void. Plaintiff prayed for a temporary restraining order enjoining the defendant from interfering with the plaintiff in carrying on, running or conducting the games of faro and roulette within the corporate limits of the town of Sheridan, and from causing further arrests of the plaintiff; and that at the final hearing said temporary injunction should be made permanent. Defendant demurred to the petition on the following grounds: "(1) That the said amended petition does not state facts sufficient to constitute a cause of action; (2) that this court has no jurisdiction of the subject of the action." The demurrer was sustained by the court and plaintiff refusing further to plead, judgment was entered dismissing the action and awarding costs to defendant, from which judgment plaintiff brings error to this court.

The principal question that confronts us, and one which we think is decisive of this case, is whether a court of equity has jurisdiction to afford the relief sought by the plaintiff. The jurisdiction of a court of equity, unless expressly made so by statute, is limited to the protection of the rights of property. It has no jurisdiction over the prosecution of crimes. To assume such jurisdiction is to invade the domain of the courts of law and both the executive and administrative departments of government. Let us investigate for a moment where the contention of plaintiff if sustained would lead. The defendant is the Prosecuting Attorney of Sheridan County charged with the duty of prosecuting within his county all infractions of the criminal laws

of the state. He was proceeding under the provisions of a general statute of the state making gambling a crime and prohibiting the same. Criminal prosecutions are conducted in Wyoming in the name of the state. The prosecuting officer is a mere agent of the state, which is the real plaintiff, in every criminal proceeding. We have, therefore, in this case the strange anomaly of a court of equity being asked to issue an order of injunction to restrain the state from exercising one of its highest prerogatives in the maintenance of government. Courts of equity possess no such power. To hold that they do would be to invest them with power to restrain and paralyze the operation of the government itself in all its functions and departments. If a court of equity were to assume jurisdiction of the case at bar and try the issues involved, it would be equivalent to a trial of the criminal action here sought to be restrained. The guilt or innocence of the plaintiff would be the fundamental question for the court to determine, and as bearing upon this feature of the case, the court would have to pass upon the constitutionality of the law under which the criminal proceedings were instituted, and the validity of the ordinance under which the licenses were granted to the plaintiff. These are proper matters of defense in the criminal proceedings. Under our system of jurisprudence, criminal actions can only be tried by a jury, while the trial of actions in equity have always been reposed in the court, and have never been the proper subject of reference to a jury. Neither the criminal actions against the plaintiff nor the infirmities of the statute, if any there be, can be lawfully determined in this proceeding. (Am. & Eng. Ency. Law, Vol. 16, p. 370, and cases there collected; Crighto v. Dahmer et al., 21 L. R. A., 84; Suess v. Noble, 31 Fed., 855; In re Sawyer, 124 U. S., 200; Portis v. Fall et al., 34 Ark., 375; High on Injunctions, Sec. 68; Poyer v. The Village of Des Plaines, 123 Ill., 111; Phillips v. Mayor, 61 Ga., 386.) In Suess v. Noble, *supra*, Love, District Judge, said: "Public offenses are prosecuted in England in the name of the

King, and in the United States in the name of the state. It is manifest that neither the King nor the state could be made a defendant to a bill in equity. The restraining power of the court would be futile as against them; and it would avail nothing for the court to address its restraining process to public and private prosecutors, even if the power to do so existed, since the state could find other agents to represent it in criminal proceedings. Courts of equity, therefore, deal only with civil and property rights. They have no jurisdiction to give relief in criminal cases, and they will not, therefore, interfere by injunction with the course of criminal justice." Mr. Justice Gray, delivering the opinion in *In re* Sawyer, *supra,* said: "The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over the prosecution, the punishment or pardon of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the government." It is contended, however, that equity will intervene to restrain a criminal prosecution under a void statute. Let it be conceded. But it will not try the validity of the statute, and will not interfere until the statute has been declared void in the proper legal tribunal. In Poyer v. Des Plaines, *supra,* the court said: "The questions arising in the prosecution sought to be enjoined can be determined in the tribunal in which they are pending, or in that to which they may be taken by appeal. The legality or illegality of the ordinance is purely a question of law, which the common law court is competent to decide. If the defendant is not guilty of violating this provision, as alleged, the determination of that fact is peculiarly within the province of that court. In either event, appellant had a full and complete defense at law." In the

same case it is further held: "If the municipal law be of doubtful validity, the complainant cannot by his wilful and repeated violation of its provisions, each furnishing separate grounds for prosecution and depending upon separate facts, create this ground for equitable interposition without first settling the validity of the ordinance in the courts of law. If he fears the prosecution of other suits he can refrain from the repetition of his acts in violation of its provisions until the proper forum has determined its invalidity." In West v. Mayor, 10 Paige, 539, Chancellor Walworth, in delivering the opinion of the court, says: "The question as to the validity of the corporation ordinance does not properly belong to this court for decision, where the complainants, as in this case, have a perfect defense at law if the ordinances are invalid, or if they do not render the complainants, or those in their employ, liable for the penalty. And it would be a usurpation of jurisdiction by this court if it should draw to itself the settlement of such questions, when their decision was not necessary in the discharge of the legitimate duties of the court." In Phillips v. Mayor, *supra,* where it was sought to restrain the municipal authorities of the town of Stone Mountain, Georgia, from prosecuting the plaintiff for the violation of an ordinance requiring retail liquor dealers to close their places of business during the continuance of divine services, and alleging the invalidity of the ordinance, the court said: "Injunctions or orders in the nature of injunctions are not granted by courts of equity to restrain proceedings in criminal matters. For this reason, whatever may have been the infirmities of the penal ordinances of Stone Mountain, an injunction in the present case was properly denied. If unlawful convictions take place before a municipal court, reversal can be had in the superior court, as a court of law, by *certiorari.* This is a plain and adequate remedy, and a court of equity need not and cannot interfere. Chancery takes no part in the administration of criminal law. It neither aids the criminal courts in the exercise of jurisdiction, nor restrains

or obstructs them." We are of the opinion that the plaintiff has a clear and adequate remedy at law, not only to have the question of his guilt or innocence determined, but also the validity of the statute upon which the informations are based.

It is contended that property rights are here involved and that injunction will lie to restrain a criminal prosecution when necessary to protect such rights. In such cases equity intervenes, if at all, not in restraint of the criminal proceedings, but rather in aid of the civil jurisdiction of the court. It merely suspends the criminal proceedings until the property rights can be determined. It does not assume jurisdiction of the criminal action. It only prevents the criminal process from interfering with the exercise of its jurisdiction in the civil proceeding under consideration. The only right of the plaintiff affected is the enjoyment of the privileges afforded by the licenses. The permission granted by these licenses is not a property right. A license is a mere permit to do something that without it would be unlawful. It is not a contract, nor does it convey any vested right. It is issued in the exercise of the police power of the state and may be modified, revoked or continued at its pleasure. Statutes under which licenses have been granted may be repealed, and it is held that such repeal is not any violation of the constitutional provision forbidding the enactment of laws impairing the obligations of contracts; nor does such repeal deprive the licensee of his property without due process of law. (Am. & Eng. Ency. Law (2d Ed.), Vol 17, p. 262.)

For the reasons above stated, the trial court committed no error in holding that the temporary injunction was improperly issued, and in sustaining the demurrer and dismissing the action. The judgment is affirmed. *Affirmed.*

POTTER, C. J., and BEARD, J., concur.