Lynnanne BRENNER, Appellant
(Appellant/Defendant),

v.

CITY OF CASPER, Appellee
(Appellee/Plaintiff).

No. 85–267.

Supreme Court of Wyoming.

July 25, 1986.

Robert A. Monteith and Donald J. Rissler of Monteith and Associates, Casper, for appellant.

Richard H. Peek, Casper, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant was convicted in municipal court of driving while under the influence of alcohol (DWUI), a violation of § 24–27 of the Casper city code (as amended July 3, 1984, by Ordinance No. 24–84). Upon entering a plea of not guilty, appellant demanded a jury trial. The court denied the demand, and the case was tried to the court. On August 6, 1985, the court entered its finding of guilty and imposed a $750 fine and a 30–day jail sentence. Appellant appealed her conviction to the district court. She now appeals to this Court from the district court's order affirming her conviction.

We reverse.

Appellant raises the following issues:

"I. DID THE MUNICIPAL COURT OF THE CITY OF CASPER ERR IN REFUSING TO GRANT THE APPELLANT, LYNNANNE BRENNER, A TRIAL BY JURY OF THE FACTS AND EVIDENCE AGAINST HER?

"II. IS THE MUNICIPAL COURT[']S REFUSAL TO GRANT THE [DEMAND OF] APPELLANT, LYNNANNE BRENNER, ARBITRARY AND THEREBY VIOLATING THE APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER ARTICLE I, SECTION 7, AND ARTICLE I, SECTION 34, OF THE WYOMING CONSTITUTION AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION?

"III. WAS THE EVIDENCE PRESENTED AT THE TRIAL HEREIN SUFFICIENT TO ESTABLISH THAT THE APPELLANT, LYNNANN[E] BRENNER, WAS OPERATING A MOTOR VEHICLE, OR IN ACTUAL PHYSICAL CONTROL OF THE SAME, WHILE UNDER THE INFLUENCE OF ALCOHOL TO A [DEGREE] THAT RENDERED HER INCAPABLE OF SAFELY DRIVING A MOTOR VEHICLE?"

 We must determine whether appellant was entitled to a jury trial at the municipal court level. As a necessary part of our inquiry, we must also determine whether § 5–6–207, W.S.1977, constitutes an infringement on the constitutional right to trial by jury.[1]

This is not the first time this Court has addressed the question of whether one charged under a city ordinance is entitled to a jury trial in municipal court. In *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980), we held that a defendant who was charged with DWUI under a city ordinance authorizing a jail sentence was entitled to a jury trial in municipal court, regardless of whether a sentence was ultimately imposed. However, the manner in which we arrived at that result has created uncertainty in this area of the law and, in fact, may have led in part to the appeal now before us. In *Lapp* we acknowledged the existence of § 5–6–207, which provides as follows:

1. In its order affirming appellant's conviction, the district court refused to consider the constitutionality of § 5–6–207 for the reason that appellant failed to serve a copy of her brief upon the attorney general as required by Rule 5.07, W.R.A.P.C.L.J. Appellee claims that appellant's failure is a jurisdictional defect which prevented the district court from considering the constitutionality of § 5–6–207 and now prevents this Court from considering the question.

As a preliminary matter, we note that the failure to serve a brief upon the attorney general is not a jurisdictional defect *preventing* the district court from considering a constitutional question. Rule 1.02, W.R.A.P.C.L.J., provides in part:

"The timely filing of a notice of appeal is jurisdictional. The *failure to comply with any other of these rules* * * * *does not affect the*

*validity of the appeal, but is ground only for such action as the district court deems appropriate, including* but not limited to * * * *refusal to consider the offending party's contentions* * * *.*" (Emphasis added.)

Under this rule, it is clearly within the district court's discretion to decide whether or not to consider a constitutional question raised in an appellate brief which has not been served upon the attorney general.

More importantly, this Court's consideration of a constitutional question is entirely unaffected by the district court's disposition of the matter. We are at liberty to decide a case upon any point which in our opinion the ends of justice require, particularly on a point so fundamental that we must take cognizance of it. *White v. Fisher*, Wyo., 689 P.2d 102 (1984).

"Cases in the police court for violations of city ordinances shall be tried and determined by the police justice without the intervention of a jury, and the trial of such cases before such police justice shall be conducted in all respects, not herein otherwise provided for, in like manner as criminal cases before justices of the peace."

Despite the clear language of the statute, we held that under Art. 1, § 9 of the Wyoming Constitution and Rule 5(d), W.R.Cr.P. J.C., the defendant was entitled to a jury trial. Article 1, § 9 provides in relevant part:

"The right of trial by jury shall remain inviolate in criminal cases * * *."

When Lapp was decided, Rule 5(d), W.R.Cr. P.J.C., provided:

"*Jury in municipal court.*—There shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction; but in all other respects, except as otherwise provided, the trial shall be conducted in like manner as criminal cases are tried before justices of the peace."[2]

Although we did not discuss the inconsistency between Art. 1, § 9 and the statute, we did address the conflicting provisions contained in Rule 5(d) and the statute. We noted that § 5-2-114, W.S.1977, authorizes this Court to establish procedural, but not substantive, rules for Wyoming courts and that the right to a jury trial is considered to be a substantive right. However, we attempted to eliminate that problem by characterizing Rule 5(d) as purely procedural. We said:

"* * * We do not disturb the legislature's right to require a jury trial in misdemeanor cases in municipal prosecutions for ordinance violations. We only move the trial by jury procedurally from the district court to the municipal court.

* * *" *Lapp v. City of Worland,* 612 P.2d at 873.

In a later opinion, Justice Raper provided further clarification of the Lapp decision:

"*Lapp v. City of Worland* * * * honors the discretion of the legislature that there be trial by jury upon demand as a substantive right but only as a matter of procedure recognized the right of this court to by rule place the jury trial in the trial court where it belongs rather than in the district court sitting as an appellate court. * * *" *Goodman v. State,* Wyo., 644 P.2d 1240, 1243 (1982) (Raper, Justice, concurring).

Thus, Lapp gave effect to Rule 29, W.R.Cr. P.J.C., which provided that § 5-6-207 was superseded by the Wyoming Rules of Criminal Procedure for Justice Courts.

In characterizing our determination to move the right to jury trial from district court to municipal court as purely procedural and, therefore, within our authority, we avoided the critical question before us— whether a statute which denies the right to a jury trial in municipal court for any violation of a city ordinance, regardless of severity, is constitutional.

It is well established that the legislature may pass any acts which are not expressly or by necessary implication inhibited by the Wyoming Constitution. *Budge v. Board of Com'rs of Lincoln County,* 29 Wyo. 35, 208 P. 874 (1922). Although we have a duty to give great deference to legislative pronouncements and to uphold their constitutionality where possible, it is equally imperative that we declare them invalid when they transgress the Wyoming Constitution. *White v. Fisher,* Wyo., 689 P.2d 102 (1984).

As demonstrated above, the Wyoming Constitution guarantees the right to a jury trial in criminal cases. In accordance with that provision, we recognize, as does the federal judiciary, that the

---

2. On May 3, 1984, Rule 5(d), W.R.Cr.P.J.C., was amended. It now provides as follows:

"*Jury in municipal court.*—There shall be no right to demand a jury trial in municipal courts unless a jail sentence is *provided for by* *ordinance* upon conviction; but in all other respects, except as otherwise provided, the trial shall be conducted in a like manner as criminal cases are tried before justices of the peace." (Emphasis added.)

"* * * general grant of jury trial for serious offenses is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants. * * *" *Duncan v. State of Louisiana*, 391 U.S. 145, 157–158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491, reh. denied 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412 (1968).

Appellant does not disagree. She does not contend that Art. 1, § 9 of the Wyoming Constitution guarantees the right to a jury trial in all criminal cases regardless of how serious. She openly recognizes "[t]he general rule and the rule adopted by [this Court] that jury trials are not required for petty offenses." She limits her contention instead to whether the offense with which she was charged is "serious" and, therefore, within the protection of the constitutional guarantee.

Appellee similarly limits its claim. The city contends that even if the right to a jury trial exists in municipal court for serious offenses, the conviction before us is valid and constitutional because appellant was sentenced to only 30 days in jail.

Both parties having limited the issue to what constitutes a serious offense subject to constitutional protection, we limit our inquiry accordingly. Accepting the idea that there has always existed a class of minor offenses not subject to the constitutional guarantee, we are left with the task of drawing the line between that class and the class of more serious offenses requiring a jury trial.

The United States Supreme Court has traditionally distinguished the two classes on the basis of the length of the sentence which may be imposed. In *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Supreme Court held that an offense punishable by more than six months' imprisonment constitutes a serious offense subject to the constitutional guarantee. Crimes carrying possible penalties up to six months, on the other hand, were deemed to be outside the scope of constitutional protection.

■ While recognizing the standard utilized by the United States Supreme Court, it is our conclusion that greater protection is afforded by the Wyoming Constitution. "It is the general rule that where the language of the state and federal constitutions is similar, the interpretation given by the United States Supreme Court to the federal provision will be applied to the state provision. [Citation.] *However*, the *state courts are at liberty to find* within the provisions of their own constitutions *a greater protection than is afforded under the federal constitution * * *.*" (Emphasis added.) *City of Pasco v. Mace*, 98 Wash.2d 87, 653 P.2d 618, 623 (1983), citing *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975).

Keeping these general principles in mind, we hold that a crime punishable by any jail term, regardless of length, is a serious crime subject to the constitutional right to a jury trial. In our view, no offense which carries with it a potential jail sentence can be deemed so minor as to warrant denying the fundamental right to a jury trial.

■ Section 5–6–207 unconditionally denies the right to a jury trial in all cases in municipal court involving violations of city ordinances without regard to the potential sentences. We, therefore, find it unconstitutional.

■ Because we find § 5–6–207 unconstitutional and reverse appellant's conviction, we find it unnecessary to consider whether the evidence presented at trial was sufficient to support the conviction.

Reversed.

THOMAS, Chief Justice, specially concurring.

I agree with the conclusion reached by the majority. There is no question that Lynnanne Brenner was entitled to have a trial by jury in the municipal court of the City of Casper. I cannot accede to the rationale which is adopted in the majority opinion to justify that conclusion. There is no justification for considering the constitu-

tionality of § 5–6–207, W.S.1977. This court historically has pursued a policy of judicial restraint with respect to addressing the constitutionality of statutes. In one way or another the court has said many times that the question of constitutionality will not be addressed if there is another appropriate way to resolve the issue presented in any given case. E.g., *Nehring v. Russell*, Wyo., 582 P.2d 67 (1978); *Schoeller v. Board of County Commissioners*, Wyo., 568 P.2d 869 (1977); *Stambaugh v. State*, Wyo., 566 P.2d 993 (1977); *Bowers v. Getter Trucking Co.*, Wyo., 514 P.2d 837 (1973); *Pan American Petroleum Corp. v. Wyoming Oil & Gas Conservation Commission*, Wyo., 446 P.2d 550 (1968); *State ex rel. Fire Fighters Local 279, I.A.F.F. v. Kingham*, Wyo., 420 P.2d 254 (1966); *Marion v. City of Lander*, Wyo., 394 P.2d 910 (1964), cert. denied 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810, reh. denied 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283 (1965); *Gorrell v. City of Casper*, Wyo., 371 P.2d 835 (1962).

While the City of Casper has structured an artful argument in an attempt to demonstrate the proposition that a jury trial in the municipal court is foreclosed by the provisions of § 5–6–207, W.S.1977, the City's position cannot stand in the light of the history of pertinent legislation and the construction of that legislation by this court. This case can be disposed of without addressing the constitutionality of the statute, and that is the appropriate resolution.

Section 5–6–207, W.S.1977, has been superseded by Rule 29, W.R.Cr.P.J.C., which specifically refers to § 5–130, W.S.1957, the same statute as § 5–6–207, W.S.1977. I must confess some apprehension with respect to a conclusion by this court to address the constitutionality of a statute which at one time the court believed it could supersede by a procedural rule. Some might conclude that the court was not confident of its authority to adopt procedural rules.

There is no legislative or jurisprudential history in the state of Wyoming which suggests that Ms. Brenner is not entitled to a trial by jury. Beginning with *Stutsman v. City of Cheyenne*, 18 Wyo. 499, 113 P. 322 (1911), which addressed a different statutory scheme, and continuing through *State v. District Court of Sheridan County*, 74 Wyo. 48, 283 P.2d 1023 (1955); *Shafsky v. City of Casper*, Wyo., 487 P.2d 468 (1971); *Cisneros v. City of Casper*, Wyo., 479 P.2d 198 (1971); and *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980), the statutory scheme in Wyoming consistently was construed to provide for a right of trial by jury in a case such as this. The only difference found in the statutory scheme was whether the jury trial would occur in the municipal court or the district court. To summarize briefly, the legislature had provided that there was no jury trial in the municipal court (§ 5–6–207, W.S.1977), but then did provide for an appeal to the district court which was to be treated as an appeal from a justice of the peace court (§ 5–6–203, W.S.1977). With respect to appeals from a justice of the peace court, a "trial anew" in the district court was provided (§ 7–16–207, W.S.1977), and in *State v. District Court of Sheridan County*, supra, this court held that this statute provided a substantive right to a jury trial in such a case.

Later an amendment to the Constitution of the State of Wyoming and a new statutory provision authorized this court to promulgate rules of procedure for justice of the peace and municipal courts. Pursuant to this authority, Rule 5(d) of W.R.Cr. P.J.C. was adopted, and the language of that rule clearly provides for a jury trial in municipal court. In *Lapp v. City of Worland*, supra, we said at 612 P.2d 873:

"We do not disturb the legislature's right to require a jury trial in misdemeanor cases in municipal prosecutions for ordinance violations. We only move the trial by jury procedurally from the district court to the municipal court. We find, for the purposes of this case, that the legislature intended to give an individual the right to jury trial for violation of a municipal ordinance. We consider it a substantive right of a person, * * *."

We held that Rule 5(d), W.R.Cr.P.J.C., in recognition of the substantive right to a jury trial, simply provided for a jury trial in municipal court when a jail sentence was to be imposed. Subsequently, the rule was amended to require a jury trial when "a jail sentence is provided for by ordinance upon conviction." In light of the jurisprudential history leading up to the decision in *Lapp v. City of Worland*, supra, there is no basis for the City of Casper to argue against a right to a jury trial in this case. A jury trial is required by Rule 5(d), W.R.Cr.P. J.C., and the court should dispose of the case on that ground.

The majority opinion goes even further than striking the statute as unconstitutional, however, and provides an advisory opinion with respect to a constitutional right to a jury trial under the Constitution of the State of Wyoming. This question was not raised by the parties, and is the style of issue which manifests the wisdom of requiring, in accordance with Rule 5.07, W.R. A.P.C.L.J., and 5.07, W.R.A.P., service of a brief upon the attorney general. We do not honor the adversary system, and perhaps do not provide ourselves with all the information that would be useful to us, by deciding such questions on our own motion without the benefit of briefs or arguments from interested parties, including particularly the attorney general. If such a constitutional right is to be espoused it should only be done in a case in which the issue is specifically and vigorously presented. Were that issue before the court, I might well agree with Justice Brown that our Constitution does not require a jury trial in all cases involving petty offenses. See *State v. District Court of Sheridan County*, supra. It well may be that the right is afforded by statute, as construed, and not by the Constitution.

BROWN, Justice, dissenting.

More than a few of our citizens presume they have an unalienable right to quaff spirits and an unalienable right to drive automobiles. Society pays a high price when these perceived rights are exercised in concert, and our legislature and courts have done little to discourage this habit. Even the Warren Court did not make it as difficult to try an accused as the majority in this court has.

Neither the United States Constitution nor the Wyoming constitution, requiring jury trials in criminal cases, apply to petty offenses. The United States Supreme Court has explicitly said so in *Frank v. United States*, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); and *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, reh. denied 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412 (1968). In determining whether an offense is petty or not, the court stated in *Codispoti v. Pennsylvania*, 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912, 919 (1974), that " * * * [O]ur decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes. * * * "

When the constitutionality of a statute is attacked, we begin with a presumption of constitutionality and we resolve any reasonable doubts by upholding the statute if possible. *Armijo v. State*, Wyo., 678 P.2d 864 (1984); and *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979). To the extent that § 5–6–207, W.S.1977, may be construed to provide that petty offenses with a possible maximum jail sentence of six months shall be tried without a jury, I would uphold its constitutionality. I disagree with the majority's holding that any crime punishable by a jail term is a serious one. To hold this is to abolish the category of petty offense as recognized by the United States Supreme Court. Arguably, the Wyoming Constitution contemplates greater jury trial rights than does the United States Constitution. However, I do not read the Wyoming Constitution to mandate a jury trial in order to provide for a day in jail.

As a practical matter, the lower courts are not going to try DWUI cases if a jail sentence is involved. It is difficult to justify a $500 to $1,000 jury so that a defendant

can spend a day in jail. Economics will prevail over justice. If the legislature provided for a convicted defendant to pay the cost of a jury, his enthusiasm for a jury trial would diminish. Oft times in DWUI cases a short jail sentence has a salutory effect. The most successful sentence I imposed as a district judge was one hour in the county jail after a drunk driving conviction.

The common law did not require a jury trial for petty offenses. *Duncan v. Louisiana,* supra. Wyoming's Constitution was adopted with that background, since Wyoming expressly adopted the common law as modified by judicial decisions. *McClellan v. Tottenhoff,* Wyo., 666 P.2d 408 (1983); and *Choman v. Epperley,* Wyo., 592 P.2d 714 (1979). Section 8–1–101, W.S.1977 (Aug. 1978 Replacement), reads:

"The common law of England as modified by judicial decisions, so far as the same is of a general nature and not inapplicable, and all declaratory or remedial acts or statutes made in aid of, or to supply the defects of the common law prior to the fourth year of James the First (Excepting the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter of thirteenth Elizabeth and ninth chapter of thirty-seventh Henry Eighth) and which are of a general nature and not local to England, are the rule of decision in this state when not inconsistent with the laws thereof, and are considered as of full force until repealed by legislative authority."

The majority opinion is well written and not illogical; however, it establishes a policy not required by the Wyoming Constitution. I would affirm the trial court.