Donald **NOLLSCH**, Appellant (Appellant/Defendant),

v.

**CITY OF ROCK SPRINGS**, Appellee (Appellee/Plaintiff).

No. 86–16.

Supreme Court of Wyoming.

Aug. 29, 1986.

Donald Nollsch, pro se.

Jeffrey A. Schalow, Rock Springs, for appellee (appellee/plaintiff).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

In this rather unique case, presented by Donald Nollsch, acting as his own counsel, we are called to address the right to a jury trial in a municipal court. A corollary matter raised is whether the concept of jury nullification must be accounted for in considering a right to a jury trial. Other

issues relating to the jurisdiction of the municipal court; the concept of licensing by a municipality; and the sufficiency of the evidence are raised. The municipal court found Nollsch guilty of violating a local ordinance requiring licenses for dogs, fined him $10.00, and also assesssed $10.00 in court costs. He appealed to the district court which affirmed the judgment of the municipal court. We affirm the district court.

In his brief Nollsch asks this court to resolve, favorably to him, the following issues which he charges are present in this case:

"1. The trial court is a court of limited jurisdiction and jurisdiction was challenged, and never proven.

"2. The appellant, being a sovereign, having constitutional rights, exercised his rights and allegedly violated a city ordinance. Rights supersede law, and therefore, there could not have been a violation.

"3. The essential elements of a crime were not present, therefore there was no triable issue at law.

"4. The appellant in an attempt to exercise his constitutional right to a jury trial was interfered with by the trial court, denial of a jury trial, resulting in an unlawful seizure of property.

"5. By the wording of the statute, the denial of a jury trial, and subsequently, the denial of the citizen's right to jury nullification, the appellant was denied due process of law."

The underlying facts are not complex. Nollsch kept a dog which was owned by his brother within his fenced yard in the City of Rock Springs. One day the animal control supervisor for the City of Rock Springs saw the dog and another dog running at large, and followed the dogs until they went into Nollsch's open garage. Upon inquiry Nollsch admitted that the dog belonged to him, and the officer then cited Nollsch for the offense of a dog at large and a dog not licensed.

Before the municipal court for the City of Rock Springs Nollsch conceded that the dog belonging to his brother did not have a license and was off of his premises. The trial court then found him guilty of a violation of Ordinance 3–521 of the City of Rock Springs which provides:

"(a) Any person owning, keeping, harboring, or having custody of any dog or cat of more than three months of age within the city of Rock Springs, must obtain a license as herein provided.

*    *    *    *    *    *

"(g) Dogs and cats must wear the city identification tag or collar at all times when off the premises of the owners."

We have no difficulty in sustaining the jurisdiction of the municipal court. Article 5, § 1, of the Constitution of the State of Wyoming authorizes the legislature to establish subordinate courts. Municipal courts are created pursuant to § 5–6–101, W.S.1977. Section 5–6–102, W.S.1977, then provides that municipal courts have exclusive jurisdiction over violations of the ordinances of cities and towns which occur within the city limits. As noted, Nollsch concedes that the dog did not have the requisite license, agrees that the dog was at large within the City of Rock Springs, and recognizes that the ordinance prohibited this. He argues, however, that the municipal court itself is "an unconstitutional court." Unfortunately he cites no pertinent authority for his position nor does he offer any cogent argument. Instead he seems to focus upon the assumed duty of the trial judge to establish that he had jurisdiction. Nollsch's contention with respect to jurisdiction simply is not pukka, and we will not address this issue. *Freeman v. Town of Lusk*, Wyo., 717 P.2d 331 (1986).

█ In a second argument Nollsch contends that the word "license" is defined as connoting "permission to do some act * * * on the land of the licensor". He quotes "Bouvier's Law Dictionary, 1974, 1914 Edition," and argues that since the dog did not go upon any land of the city but only other private property, the city could not require him to obtain a license. Unfortunately,

Nollsch is misled by relying only upon a definition of the word "license" restricted to granting permission to someone to conduct activities on another's land. The word "license," embraces a broader concept of granting permission in the context of the licensing of activities by municipalities. See, e.g., *Littleton v. Burgess*, 14 Wyo. 173, 82 P. 864 (1905) (license to operate gambling house is a permit); *Hahn v. State*, 78 Wyo. 258, 322 P.2d 896 (1958) (license to practice medicine confers permission). Section 15-1-103(xiv), W.S.1977, grants to municipalities the authority to issue licenses for dogs. Such ordinances uniformly have been upheld in the face of constitutional challenges. 9 McQuillin, Municipal Corporations, § 24.284 (3d Ed. 1978).

Nollsch's third claim of error focuses upon an assertion that because the city ordinance does not contain an element of intent it is unconstitutional. In *Freeman v. Town of Lusk*, supra, 717 P.2d at 334, we disposed of a similar issue by saying:

" * * * It is well established that the legislature may adopt statutes defining crimes which are malum prohibitum, and which require no showing of any criminal intent beyond that encompassed in the conduct which violates the statute. * * "

We then turn to Nollsch's claims relating to his right to a jury trial. He was charged in two counts. The municipal prohibition against a dog at large provided for a maximum penalty of a fine of $200.00 and set the fine at $10.00 for the first offense. The maximum penalty for having a .dog that was not licensed was $25.00. The Supreme Court of the United States has recognized that petty offenses may be tried without a jury.

"So-called petty offenses were tried without juries both in England and in the colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions." *Duncan v. Louisiana*, 391 U.S. 145, 160, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968).

Two years later the Supreme Court of the United States drew the line between petty offenses which do not require trial by jury and non-petty offenses which do require a jury trial at a maximum of six months imprisonment. *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

In Wyoming, Rule 5(d), W.R.Cr.P.J.C., provides that: "There shall be no right to demand a jury trial in municipal court unless a jail sentence is provided for by ordinance upon conviction * * *." We thus have limited the right to a jury trial in a municipal court in a manner which is consistent with the supreme court decisions which have been cited, although our rule is less restrictive than the federal standard. In *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980), in which the provisions in the Worland City Code under which Lapp was prosecuted provided for a jail sentence upon conviction (30 days), we held that the predecessor of this rule required a jury trial. See *Brenner v. City of Casper*, 723 P.2d 558 (1986). In this case Nollsch did not suffer the risk of any imprisonment, and consequently he was not entitled to a jury trial under our rule or under any constitutional standard.

■ Nollsch argues, however, that in denying him a jury trial the municipal court abrogated his right to have the jury nullify the ordinance as applied to him. The unreviewable power of a jury to acquit even in the fact of overwhelming evidence of guilt, sometimes described as jury nullification, long has been recognized and accepted as an integral and essential aspect of our criminal jury system. Bushell's Case, 6 Howell's State Trials 999 (1670); *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *United States v. Dougherty*, 473 F.2d 1113, 1136 (D.C.Cir.1972); *Lessard v. State*, Wyo., 719 P.2d 227 (1986). In recognizing the concept, however, other courts have announced the generally accepted rule that jury nullification is not a right enjoyed by a defendant in a criminal case. *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39

L.Ed. 343 (1895); *United States v. Wiley,* 503 F.2d 106 (8th Cir.1974); *State v. Skuse,* Alaska.App., 714 P.2d 368 (1986); *Medley v. Commonwealth,* Ky., 704 S.W.2d 190 (1985); *People v. St. Cyr,* 129 Mich.App. 471, 341 N.W.2d 533 (1983); *State v. Perkins,* Minn., 353 N.W.2d 557 (1984); *State v. Maloney,* 126 N.H. 235, 490 A.2d 772 (1985); *State v. Champa,* R.I., 494 A.2d 102 (1985). Nollsch had no right to jury nullification and that concept does not require that he be afforded a jury trial in contravention of the clear provisions of Rule 5(d), W.R.Cr.P.J.C..

We conclude that there was no error with respect to any aspect of the proceedings in the municipal court. The order of the district court affirming the judgment and sentence of the municipal court of the City of Rock Springs is affirmed.