David A. Dawson, pro se.

Richard H. Peek, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant David Dawson, acting pro se, asks this Court to address a variety of claims arising from his municipal court speeding conviction. This conviction was previously affirmed on appeal to the district court. We also affirm.

Appellant raises the following issues for our review:

"1) Jurisdiction over the Person of the Accused has been challenged by the Accused and never been proven to the Court by the Prosecution.

"2) The Municipal Court denied the Accused his Right to a jury trial in this Criminal Prosecution.

"3) The Municipal Court denied the Accused his Right to unfettered Counsel of Choice who is not beholden to his adver-

**David DAWSON, Appellant**
**(Appellant/Defendant),**

v.

**CITY OF CASPER, Appellee**
**(Appellee/Plaintiff).**

**No. 86–218.**

Supreme Court of Wyoming.

Jan. 28, 1987.

saries by being an Officer of the Court and Member of the Bar.

"4) The Municipal Court did not and has not yet adequately advised the Accused of the nature of the Issue at Law wherein the Accused caused harm to another Individual and the possible consequences which could arise out of it.

"5) The Municipal Court denied the Accused his Rights 'Sua Sponte' in that the Accused has suffered a loss of Substantive Rights of which the Accused has not been advised.

"6) The Municipal Court denied Demands of the Accused without testimony or argument from the Prosecution thus showing itself to be biased against the Accused." (Record references omitted.)

Appellee City of Casper sets forth the following issues:

"1. DID THE MUNICIPAL COURT FOR THE CITY OF CASPER, WYOMING HAVE JURISDICTION OVER THE APPELLANT AND THE SUBJECT MATTER?

"2. DID THE APPELLANT HAVE A RIGHT TO A JURY TRIAL?

"3. DID APPELLANT HAVE A RIGHT TO HAVE A NON-LAWYER REPRESENT HIM IN THE PROCEEDING IN THE TRIAL COURT?

"4. CAN THIS COURT FIND REASONABLE CAUSE FOR THIS APPEAL?"

On March 25, 1986, appellant was cited by an officer of the Casper police department for driving 53 miles per hour in a 40-mile-per-hour zone. In accordance with the citation, appellant appeared in municipal court on April 7, 1986, at which time he filed numerous motions and supporting briefs. The municipal court denied each of the motions and entered a plea of not guilty on appellant's behalf. Prior to trial, appellant again inundated the court with motions, bills of exception, and supporting briefs. The court denied the motions and refused to sign the bills of exception. After trial on May 20, 1986, the court found appellant guilty of speeding and fined him

$25. On appeal to the district court, appellant's conviction was affirmed.

■ With regard to appellant's claim that the municipal court lacked jurisdiction, we have said:

"Article 5, § 1, of the Constitution of the State of Wyoming authorizes the legislature to establish subordinate courts. Municipal courts are created pursuant to § 5-6-101, W.S.1977. Section 5-6-102, W.S.1977, then provides that municipal courts have exclusive jurisdiction over violations of the ordinances of cities and towns which occur within the city limits." *Nollsch v. City of Rock Springs*, Wyo., 724 P.2d 447, 448 (1986).

Appellant was stopped in Casper and charged with violating § 31-5-301, W.S. 1977, as adopted by § 24-1 of the Casper City Code. Thus, appellant's claim that the municipal court lacked jurisdiction to hear the case is without merit.

■ Appellant's second claim is likewise without merit. We have previously held that "a crime punishable by any jail term, regardless of length, is a serious crime subject to the constitutional right to a jury trial." *Brenner v. City of Casper*, Wyo., 723 P.2d 558, 561 (1986). In the present case, appellant was not subject to a jail term, and consequently he was not entitled to a jury trial. *Nollsch v. City of Rock Springs*, supra.

■ Appellant claims next that he was denied his right to counsel of choice and that the municipal court refused to allow anyone other than a member of the bar to represent him. Section 5-2-118, W.S.1977, authorizes this Court to adopt rules and regulations governing the practice of law in Wyoming. Pursuant to that section, this Court has adopted Rule 18 of the Amended Rules Providing for the Organization and Government of the Bar Association of the Attorneys at Law of the State of Wyoming, which provides in relevant part:

"(b) Only members of the Wyoming State Bar shall engage in the practice of law within this state, except that:

"(1) Members of the bar of any other state, district or territory of the United

States may be admitted to practice with reference to a specific case * * *, but he shall not be permitted to enter his appearance * * * in any court * * * of the state, unless he shall have associated with him in such action or proceeding an active member of the Wyoming State Bar. * * *

"(2) Any person may act pro se in a matter in which he is a party.

"(3) An eligible law student may engage, as an intern, in the practice of law under the general supervision of an active member of the Wyoming State Bar * *.

"(4) An eligible law student may engage, as an intern, in the practice of law for indigent persons only under the general supervision of a professor of law designated for such by the Dean of the University of Wyoming Law School * * *.

"(5) An eligible law student may engage, as an intern, in the practice of law under the Prosecution Assistance Program of the University of Wyoming Law School * * *.

"(6) A person studying law in the office of a member of the Wyoming State Bar pursuant to § 33–5–105, W.S.1977, may engage as an intern in the practice of law under the general supervision of the lawyer under which he is studying * * *."

Thus, the municipal court was without authority to allow anyone to represent appellant unless he or she satisfied the requirements of Rule 18, supra.

As the Superior Court of Pennsylvania stated:

"In this case, appellant would place himself above the constitution, above the Supreme Court administrative rulings and above the law in designating a non-lawyer to defend him. It might be argued that the appellant would get the representation he deserved in such a designation, but the law, particularly in criminal cases, will, whenever possible, protect the individual from his own folly." *Commonwealth v. Carroll*, Pa.Super., 517 A.2d 980, 981 (1986).

With respect to appellant's remaining arguments, we have said:

"It is the responsibility of an appellant to present relevant authority and cogent argument, and it is not enough to identify potential issues and expect this court to flesh them out. There are many precedents for the proposition that this court will not consider issues which are not supported with cogent argument or pertinent authority. In the past this court has not hesitated to invoke this rule against pro se litigants. The appellant in this case does appear pro se, but no special consideration is to be given a litigant who presents his own case." *Freeman v. Town of Lusk*, Wyo., 717 P.2d 331, 332 (1986) (citations omitted).

In light of this precedent and because appellant fails to present relevant authority or cogent argument, we decline to address appellant's remaining arguments.

Affirmed.