**CITY OF CASPER, Appellant (Appellee/Plaintiff),**

v.

**William Frank CHEATHAM, Appellee (Appellant/Defendant).**

**No. 86–307.**

Supreme Court of Wyoming.

July 21, 1987.

Richard H. Peek, Casper, for appellant (appellee/plaintiff).

Michael J. Krampner, Casper, for appellee (appellant/defendant).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

The issue presented for our determination in this appeal is whether there is a right to a jury trial in municipal court upon a charge of driving while under the influence of intoxicating liquor (DWUI).

Appellee was denied a jury trial in the City of Casper municipal court. He was tried by the judge, convicted and fined $750. Upon appeal the district court reversed the conviction holding that appellee was entitled to a trial by jury upon the DWUI charge and remanded to the municipal court for trial. The City of Casper now appeals that decision.

We affirm.

A detailed historical chronology of our struggle with the right to jury trial in municipal court is found in *Lapp v. City of Worland*, Wyo., 612 P.2d 868 (1980); *Brenner v. City of Casper*, Wyo., 723 P.2d 558 (1986); *Nollsch v. City of Rock Springs*, Wyo., 724 P.2d 447 (1986); and *Dawson v. City of Casper*, Wyo., 731 P.2d 1186 (1987). Succinctly summarized, we held in *Lapp, supra*, that a defendant charged with violation of an ordinance providing a jail term of 30 days was entitled to a jury trial in municipal court rather than a trial de novo in district court. We said: "The penalty authorized for a particular crime is of major relevance in determining whether it is serious enough to justify a trial by jury." *Id.* at 875.

Next came *Brenner v. City of Casper*, supra, 723 P.2d 558, in which defendant was denied a jury trial upon a DWUI charge. He was tried by the court, found guilty, sentenced to 30 days in jail, and fined $750. The agreed issue was whether a DWUI charge under the municipal ordinance was a *petty* offense not requiring a jury trial or a *serious* offense for which a jury trial must be offered pursuant to Article I, § 9 of the Wyoming Constitution which states:

"The right of trial by jury shall remain inviolate in criminal cases."

We held that

"a crime punishable by any jail term, regardless of length, is a serious crime subject to the constitutional right to a jury trial." Id. at 561.

We have not heretofore addressed the question before us in this case, i.e., whether an ordinance which provides for a fine only is per se a petty offense for which there is no right to a jury trial. Since *Brenner*, supra, the City of Casper has amended its DWUI ordinance by deleting the provision for a jail term, leaving only a maximum fine of $750 for its violation. Otherwise the ordinance is identical to § 31-5-233 W.S.1977, Cum.Supp.1986, which provides in the penalty section as follows:

"[A] person convicted of violating this section is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. On a subsequent conviction within five (5) years after a conviction for a violation of this section or

other law prohibiting driving while under the influence, he shall be punished by imprisonment for not less than seven (7) days nor more than six (6) months and shall not be eligible for probation or suspension of sentence or release on any other basis until he has served at least seven (7) days in jail. In addition, the person may be fined not less than two hundred dollars ($200.00) nor more than seven hundred fifty dollars ($750.00)."

Jury trials are provided in all DWUI cases in county court. The City contends that a jury trial for the same offense need not be provided in municipal court because its ordinance does not provide for a jail term and that DWUI is, therefore, a petty offense for which a jury trial is not required. We disagree. We said in Lapp, supra, that the right to a jury must be tested by the punishment authorized. Here the punishment was a fine of $750, not an insubstantial amount. We have considered the benefit that would result from establishing an amount of fine that would divide petty from serious offenses. The test would be certain, and the category easily identified. But were the amount to be set at $500, the City might amend its ordinance to provide a penalty of $499 to escape jury trial. Anyway, we have concluded that there are clearly factors other than the fine that should be considered in determining whether the offense is petty or serious.

A first offense conviction of DWUI in municipal court advances the defendant to a position where a second conviction provides not a potential jail sentence, but a mandatory sentence of seven days in jail. The first offense conviction is the basis for the subsequent seven-day jail sentence. The first offense conviction is in that way involved in a jail sentence. But more importantly we note that serious felonies such as burglary (§ 6-3-301(a), W.S.1977, Cum.Supp.1987), larceny (§ 6-3-402, W.S. 1977, Cum.Supp.1987), forgery (§ 6-3-602, W.S.1977), and manslaughter (§ 6-2-105, W.S.1977, Cum.Supp.1987) do not require a mandatory jail sentence upon a second conviction. Finally, we are aware that the legislature, responding to the public outcry against drunk drivers, has significantly increased the penalties for drunk driving convictions. In view of all of the above, we could not do otherwise than hold that the offense of DWUI is a serious offense for which there is a right to a jury trial.

We would be remiss in not recognizing that the City of Cheyenne, a city of about the same size as Casper, has long provided, without difficulty, jury trials upon charges of violation of its DWUI ordinance. It seems that once the right is available, there are initially numerous jury demands. After a time however, a routine settles in and jury trials are requested with less frequency and only in seriously contested cases. Recognizing that jury trials are presently provided by most municipalities either within their own system or by bringing DWUI cases in county courts where jury trials are always available, we see no end to prosecution of drunk driving. With respect to the cost of prosecution—or better the cost of justice—that simply cannot be a consideration. If it were, we might decline to prosecute murder cases because they are too expensive.

For the reasons stated, the decision of the district court is

Affirmed.

BROWN, C.J., filed a dissenting opinion.

BROWN, Chief Justice, dissenting.

The majority opinion is a boon of some magnitude to the drunk driver. It effectively puts an end to prosecution for drunk driving in most Wyoming courts.

The Warren court in its heyday classified crimes such as the crime involved here as petty crimes and specifically held that a jury trial was not required for petty crimes. *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); *Frank v. United States*, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, reh. denied 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412

(1968). See my dissent in *Brenner v. City of Casper*, Wyo., 723 P.2d 558 (1986).

This case is another chapter of this court upstaging the United States Supreme Court, and making it more expensive and unnecessarily more difficult to prosecute a criminal case. This court in effect drew the City of Casper "off side." In reaction to this court's opinion in *Brenner v. City of Casper*, supra, the city obediently amended its DWUI ordinance. Now we "zing" the city again by saying not only do you have to afford a drunk driver a jury trial before you can jail him, but you also must give him a jury trial before you can even fine him. Most courts cannot afford jury trials for DWUI cases. The drunk knows this and will demand a jury trial. In these happy circumstances, the drunk is in a very good bargaining position. He can negotiate an insignificant fine if he is töo rich to qualify for the services of the public defender. On the other hand, if he can qualify for the public defender and get a "free ride," he most likely will want to fight his case to the United States Supreme Court. Earl Warren must have long since repented for having started a trend in American law that made it extremely difficult and expensive to prosecute the wrongdoer.

I would reverse the district court and reinstate the judgment and sentence of the City of Casper Municipal Court.