**The CITY OF CASPER, Petitioner,**

v.

**Robert FLETCHER, Respondent.**

No. 95–172.

Supreme Court of Wyoming.

May 14, 1996.

Robert J. Hand, Jr., Assistant City Attorney, Casper, for petitioner.

Wyoming Association of Local Government Attorneys by Daniel M. Hesse; and Wyoming Association of Municipalities by Kathleen A. Hunt, Amici Curiae on behalf of petitioner.

Robert Fletcher, pro se.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

The question raised in this case is whether a person charged with a violation of a city ordinance, which provides no jail time for conviction, is entitled to a trial by jury. The district court, in reversing respondent's conviction, held that since respondent could have been charged under a state statute which does provide for incarceration, he should have had a jury trial pursuant to our decision in *City of Casper v. Cheatham*, 739 P.2d 1222 (Wyo.1987). We conclude that our decision in *Cheatham* does not mandate a jury trial under these circumstances and reverse the district court.

The City of Casper presents, as its primary issue, the following statement:

> Whether a jury trial is required for a petty offense that does not allow a potential jail sentence, nor result in any collateral consequences upon conviction.

Respondent, Robert Fletcher, appearing pro se, sets out three issues:

> I. Whether Casper municipal court deprived the respondent of the right to a trial by jury, as guaranteed to all citizens of the State of Wyoming, by Article 1, Section 9, of the Wyoming State Constitution.

> II. Whether the Casper City Attorney can use the doctrine of prosecutorial discretion (or indiscretion) [sic] to deny Wyoming citizens the right to a trial by a jury of their peers, as guaranteed by the Wyoming State Constitution.

> III. Whether a city's explicit authority to enforce and enact its own ordinances includes the right to deny citizens the rights guaranteed by the United States and Wyoming constitutions.

## BACKGROUND

Respondent was charged in Casper Municipal Court with violating Casper City Ordinance 9.08.010, Assault and Battery. Respondent filed a demand for a jury trial, which was denied by the municipal court. After a bench trial, respondent was convicted and fined $260.00 and ordered to pay $50.00 to the victim's compensation fund.

Respondent appealed to the district court. The district court reversed, concluding that respondent should have been given a jury trial, reasoning:

> [Respondent] was found guilty of assault under a city ordinance which does not provide for a jail sentence. Juries are not required for "petty" offenses. However, the case of *City of Casper v. Cheatham,* 739 P.2d 1222 (Wyo.1987), establishes that an offense is not necessarily a petty offense when a fine is the only authorized punishment. The *Cheatham* case holds that factors in addition to potential punishment shall be considered in determining whether an offense is a petty offense. One factor considered by the Supreme Court is that the drunk driving charge in the *Cheatham* case could have been filed either in Municipal Court or in County Court where a jury trial was available to the Defendant.
>
> The same is true in this case. The assault charge could have been filed in County Court under the state statute. To accept the position of the City would be to say that the prosecution can decide whether someone charged with assault in the City limits shall receive a jury trial or not. On the other hand, those charged with assault outside the City limits are always entitled to a jury trial. The Supreme Court did not view this result favorably in the *Cheatham* case.

The City of Casper then filed a Petition for Review with this court.

### DISCUSSION

We begin our analysis with a review of our decision in *Cheatham.* The defendant in that case was charged with driving while under the influence of intoxicating liquor in violation of a City of Casper ordinance which provided for a maximum penalty of a $750.00 fine. We noted that, normally, where a statute provides for a fine with no jail time a jury trial is not mandated. *See Brenner v. City of Casper,* 723 P.2d 558 (Wyo.1986). We then noted, however, that a first offense conviction of DWUI "advances the defendant to a position where a second conviction provides not a potential jail sentence, but a mandatory sentence." Based on that, this

court held that a defendant charged with DWUI was entitled to a jury trial even if it was his first offense and jail time was not an option. 739 P.2d at 1224.

■ Initially, we must disagree with the district court's reasoning. The analysis of whether a particular statute requires a jury trial must, by necessity, focus on the penalty authorized by that statute, not what penalties are permitted under another statute. A defendant is only subject to the penalties of the charged statute, thus what he could have been charged with is irrelevant since he is not subject to sentencing under those statutes. *See Lapp v. City of Worland,* 612 P.2d 868, 875 (Wyo.1980) (the right to a jury trial must be tested by the punishment authorized by the charged statute). *Cheatham* requires a jury trial for an offense which does not provide for jail time for an initial violation only when that conviction results in a mandatory jail term for any subsequent convictions.

■ The punishment authorized for a conviction under 9.08.010 is found in Casper Ordinance 1.28.010, subsections (B) and (C)(1), which provide:

> B. Any misdemeanor committed in the city shall be punishable only by a fine of not more than seven hundred fifty dollars, to which may be added court costs as set by the municipal court, but not to exceed ten dollars for all violations, except as otherwise provided.
>
> C. For the following specific misdemeanors committed and formally charged by the filing of a complaint in the municipal court for the city, the formal charge being filed within one year of any prior conviction for the same offense charged, the court shall have the power to fine under the authority of subsection B of this section, or *may* order imprisonment in the city jail for a period not to exceed six months, or both, to which may be added court costs as set by the municipal court, but not to exceed ten dollars for all violations, the specific violations, or amendments thereto, being:
>
> 1. Assault and battery, in violation of Section 9.08.101[.]

(Emphasis added.) In this case, unlike the situation confronted in *Cheatham,* multiple

violations do not subject the offender to mandatory incarceration. The policy reasons identified in *Cheatham* which counseled for jury trials are not present in this case. Therefore, the municipal court was correct in denying respondent's motion as he was not entitled to a jury trial under these circumstances.

## CONCLUSION

Unless multiple convictions under a statute result in mandatory incarceration, a jury trial is not required where the initial violation will result only in a fine. That not being the case for a violation of the City of Casper's assault and battery ordinance, the district court is reversed with instructions to reinstate respondent's conviction.